Robyn Crowther (SBN 193840)
rcrowther@steptoe.com
**STEPTOE LLP**
633 West 5th Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400; Facsimile: (213) 439-9599

(*Additional counsel listed on next page*)

*Attorney for Defendants* MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA and JON PRECIADO, SERGIO RASCON, ADRIAN ESPARZA, ALEX ARTIAGA, MICHAEL DEA, HERTZ RAMIREZ, PETER SANTILLAN, JEROME DI PADOVA, CATHERINE MONCADA, ALAN LUDWIG, JEFF STEWART, LANCE BOYER, BILL BOYD, and JOHN COOPER as TRUSTEES OF THE CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, on behalf of the Construction Laborers Pension Plan for Southern California,<br><br>      Plaintiffs,<br><br>  vs.<br><br>MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS,<br><br>      Defendants. | Case No.: 2:23-cv-07726-CAS-PVC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Judge: Christina A. Snyder<br>Hearing Date: March 25, 2024<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D |

Diana K. Lloyd (*admitted pro hac vice*)
Caroline Trusty (*admitted pro hac vice*)
Alexander L. Bevans (*admitted pro hac vice*)
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, MA 02110
*dlloyd@choate.com*
*ctrusty@choate.com*
*abevans@choate.com*
Telephone: (617) 248-5000
Facsimile:  (617) 248-4000

Eric G. Serron (*admitted pro hac vice*)
*eserron@steptoe.com*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendants* MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS

# TABLE OF CONTENTS

**Page Nos.**

INTRODUCTION ............................................................................................... 7

ARGUMENT ...................................................................................................... 7

I.    COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM. ............... 7

    A.    Plaintiffs' Imprudent Recommendation Claims are Time Barred. ............................................................................................ 7

    B.    Defendants Could Not Legally Impose the Policy on Onset—Onset Had Sole Discretion and Exclusive Authority Over the Partnership. ..................................................................................... 9

    C.    The Amended Complaint Only Alleges *Onset's* Fraud, Not Any Facts to Demonstrate That Defendants Knew or Should Have Known of Onset's Fraud. ................................................................. 12

II.   EVEN AS PLED IN THE ALTERNATIVE, ERISA PREEMPTS STATE LAW COUNTS II-IV. .................................................................. 15

III.  LEAVE TO AMEND A SECOND TIME SHOULD BE DENIED. ............ 16

CONCLUSION .................................................................................................. 17

CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 ....................................... 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 8

*Bracalente v. Cisco Sys.*,
   No. 5:22-cv-04417-EJD, 2023 U.S. Dist. LEXIS 140678 (N.D. Cal. Aug. 11, 2023) .................................................................................................. 6

*Buccino v. Cont'l Assurance Co.*,
   578 F. Supp. 1518 (S.D.N.Y. 1983) ....................................................................... 2

*Coleman v. Standard Life Ins. Co.*,
   288 F. Supp. 2d 1116 (E.D. Cal. 2003) .................................................................. 9

*Coppel v. Parks*,
   No. 3:21-cv-01430-RSH-DDL, 2023 U.S. Dist. LEXIS 68395 (S.D. Cal. Mar. 22, 2023) ...................................................................................... 2

*Cox v. Eichler*,
   765 F. Supp. 601 (N.D. Cal. 1990) ........................................................................ 9

*Dumas v. Kipp*,
   90 F.3d 386 (9th Cir. 1996) ................................................................................. 11

*Falberg v. Goldman Sachs Grp., Inc.*,
   No. 22-2689-cv, 2024 U.S. App. LEXIS 3418 (2d Cir. Feb. 14, 2024) ...................................................................................................................... 4

*Guenther v. Lockheed Martin Corp.*,
   972 F.3d 1043 (9th Cir. 2020) ................................................................................ 3

*Hughes v. Nw. Univ.*,
   595 U.S. 170 (2022) ............................................................................................... 4

*Hurtado v. Rainbow Disposal Co.*,
   No. 8:17-cv-01605-JLS-DRM, 2018 U.S. Dist. LEXIS 118128 (C.D. Cal. July 9, 2018) ..................................................................................... 4, 5

*ILWU-PMA Welfare Plan Bd. of Trs. v. Conn. Gen. Life Ins. Co.*,
    No. C 15-02965 WHA, 2015 U.S. Dist. LEXIS 170832 (N.D. Cal.
    Dec. 22, 2015) .................................................................................................. 9

*In re Calpine Corp. ERISA Litig.*, No. C-03-1685 SBA, 2005 U.S.
    Dist. LEXIS 9719 (N.D. Cal. Mar. 30, 2005) ............................................... 5

*Klawonn v. Bd. of Dirs. for the Motion Picture Indus. Pension Plans*,
    No. CV 20-9194 DMG, 2021 U.S. Dist. LEXIS 152355 (C.D. Cal.
    Aug. 9, 2021) .................................................................................................. 7

*Local 159 v. Nor-Cal Plumbing, Inc.*,
    185 F.3d 978 (9th Cir. 1999) ....................................................................... 10

*In re Out of Network Substance Use Disorder Claims Against
    Unitedhealthcare*,
    No. SACV 19-2075 JVS (DFMx), 2020 U.S. Dist. LEXIS 153773,
    at *12 (C.D. Cal. July 29, 2020) .................................................................... 9

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
    712 F.3d 705 (2d Cir. 2013) .......................................................................... 4

*Steen v. John Hancock Life Ins. Co.*,
    106 F.3d 904 (9th Cir. 1997) ....................................................................... 10

*Tibble v. Edison Int'l*,
    575 U.S. 523 (2015) ................................................................................. 2, 4

*Tibble v. Edison Int'l*,
    843 F.3d 1187 (9th Cir. 2016) ....................................................................... 2

*Yamauchi v. Cotterman*,
    84 F. Supp. 3d 993 (N.D. Cal. 2015) ............................................................ 3

**Statutes**

29 U.S.C. § 1109 .................................................................................................. 10

29 U.S.C. § 1132(a)(2) ......................................................................................... 10

ERISA § 3(21)(A) (29 U.S.C. §1002(21)(A)) ...................................................... 10

ERISA Section 404(a)(1)(D) ............................................................................. 5, 6

ERISA § 405(c)(2)(A) ................................................................................................5

**Other Authorities**

Fed. R. Evid. 408(a) ................................................................................................10

U.S. Dept. of Labor, https://www.efast.dol.gov/5500Search/ (search
    Plan Name field for "Construction Laborers Pension Trust for
    Southern California" and choose Plan Year "2016") .........................................10

**INTRODUCTION**

Three straightforward points, unrebutted in Plaintiffs' Opposition ("Opp."), warrant the Amended Complaint's dismissal.  *First*, Defendants vetted and recommended Onset to the Pension Fund outside of the ERISA six-year limitations period.[1]  *Second*, under the LPA, Onset had sole discretion and exclusive authority over the Partnership's investments, and the exclusive right to formulate the Partnership's investment policy.  Onset was not an ERISA fiduciary, and thus it had no obligation to submit to any "oversight" or "monitoring" by Defendants, much less comply with any ERISA plan documents.  *Third*, the Amended Complaint includes no plausible allegations that Defendants either knew or should have known of any alleged fraud or other misconduct by Onset.

In addition, Plaintiffs' argument that their state law claims, pled in the alternative, can survive ERISA pre-emption is contrary to clear ERISA case law.

The Amended Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.     COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM.**

**A.     Plaintiffs' Imprudent Recommendation Claims are Time Barred.**

Plaintiffs do not dispute that Defendants "initially recommended" Onset over six years ago, outside of the ERISA statute of limitations period.  Opp. at 7-8. Instead, they argue that their imprudent vetting and recommendation claims are still timely because the "recommendation" continued uninterrupted from January 2016 until termination of Defendants' services.  *Id.* at 8.

As an initial matter, even if that claim were legally or factually accurate— and it is neither, as explained below—any alleged breaches *before* March 6, 2016

---

[1] Capitalized terms used herein and not otherwise defined shall have the same meaning as in Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 53-1 ("Mot.")).

remain time-barred.[2]  As Plaintiffs' own cited cases explain, even when defendants "continuously and repeatedly violated their fiduciary duties under ERISA," the violations that occurred "more than six years before [the] action was filed *are time barred*." *Buccino v. Cont'l Assurance Co.*, 578 F. Supp. 1518, 1521 (S.D.N.Y. 1983) (emphasis added); *Coppel v. Parks*, No. 3:21-cv-01430-RSH-DDL, 2023 U.S. Dist. LEXIS 68395, at *23 (S.D. Cal. Mar. 22, 2023) ("Plaintiffs' claims are limited to conduct occurring . . . six years prior to the filing.").

Plaintiffs argue that their imprudent vetting and recommendation claim somehow continues after the date of the 2015 recommendation because Defendants "took on a continuing obligation to advise the Pension Fund if the *investment* was imprudent."  Opp. at 8 (emphasis added) (referencing *Tibble v. Edison Int'l,* 843 F.3d 1187, 1192 (9th Cir. 2016)).  But as Plaintiffs acknowledge, Onset made no "investment" at all until March 2016, months after the recommendation of Onset (which is time-barred).  *See* Opp. at 8.  Thus, Plaintiffs' citation of *Tibble* is misplaced.  *Tibble* speaks only to a fiduciary's duty to monitor an investment after it is made, which, in any event, "exists **separate and apart** from the [fiduciary's] duty to exercise prudence in selecting investments at the outset."  *Tibble v. Edison Int'l*, 575 U.S. 523, 529.[3]

---

[2] The Tolling Agreements cannot save these untimely claims.  *See* ECF No. 62-2.  As Plaintiffs themselves concede, the Tolling Agreements *do not cover* any conduct *before* March 6, 2016.  *See* Opp. at 7.

[3] To make this argument, Plaintiffs mischaracterize their own Amended Complaint.  The Amended Complaint's imprudent vetting and recommendation claims only cover Defendants' conduct *prior* to the Pension Fund's selection of Onset.  *See, e.g.*, A.C. ¶ 60 ("Based on [Defendants'] recommendation and urging, the Pension Fund chose Onset as the Program Manager . . . . [and] Onset officially became the general partner in January of 2016").  Now, the Opposition recasts post-January 2016 conduct as Defendants "recommending Onset."  Opp. at 9, 13-14.  But that conduct—*e.g.,* attending Board meetings, reporting to the Board, reviewing Board presentations—were actions allegedly taken under Defendants'

Also, Plaintiffs are wrong to conclude that Defendants' alleged "omissions" of information relating to Onset and its principals constituted "affirmative conduct" sufficient to toll the ERISA statute of limitations under the fraud and concealment exception. Opp. at 11. The Ninth Circuit has confirmed that the "fail[ure] to disclose material information . . . . does not rise to the level of 'fraud or concealment'" sufficient to toll the statute of limitations. *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1057 (9th Cir. 2020).[4] Thus, this Court can, and should, dismiss Plaintiffs' ERISA claim to the extent it alleges that Defendants' vetting or recommendation of Onset, which both occurred prior to March 6, 2016, was imprudent. *See* Mot. at 10-11.

### B. Defendants Could Not Legally Impose the Policy on Onset—Onset Had Sole Discretion and Exclusive Authority Over the Partnership.

When Plaintiffs executed the LPA, they granted Onset the following powers: (1) sole discretion to invest any funds committed to the Partnership, including the $30 million from the Pension Fund and the $303,030.30 from Onset; (2) exclusive authority to manage, operate, and formulate investment policy for the Partnership; and (3) complete freedom from any ERISA fiduciary standards. ECF No. 56-1 Schedule A, § 2.1.1. Accordingly, Onset had no obligation to adhere to any ERISA plan documents, including the Policy. *Id.* § 2.1.1. It also had no obligation to submit to Defendants' supervision or oversight. *Id.* All of this is undisputed.

These plain, undisputed terms of the LPA foreclose Plaintiffs' ERISA claim. Count I's chief complaint is that Defendants failed to ensure that Onset complied

---

contractual and fiduciary obligations to *supervise*, not their agreement to vet and recommend potential program managers.

[4] *See also Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1006 (N.D. Cal. 2015) ("in the ERISA context, courts have concluded that affirmative steps of concealment, as opposed to mere failure to disclose, is necessary to toll the running of the statute of limitations").

with the Policy.  A.C. ¶¶ 98-99.  But because Onset had no obligation to comply with the Policy, Defendants could not legally have required Onset to do so.  These commonsense, context-specific points require dismissal of Plaintiffs' ERISA claim.  *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 718 (2d Cir. 2013) ("Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (citation omitted) (quotation marks omitted); *see Falberg v. Goldman Sachs Grp., Inc.*, No. 22-2689-cv, 2024 U.S. App. LEXIS 3418, at *6 (2d Cir. Feb. 14, 2024) (the duty of prudence is a "context-specific inquiry.") (quoting *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022)).

Citing *Tibble*, Plaintiffs assert that Defendants had a "continuing duty to monitor investments and remove imprudent ones," *see* Opp. at 8, but this "continuing duty" is "context specific." *Hughes*, 595 U.S. at 177.  *Tibble* and *Hughes* both involved allegations that the fiduciaries of a defined contribution plan imprudently retained mutual fund options on the plan's investment menu.  *Id.*  Thus, the fiduciaries in *Tibble* and *Hughes* could have readily removed any imprudent mutual funds by simply redeeming the plan's mutual fund shares.  *Id.*

That same context does not exist in the Amended Complaint.  Unlike a mutual fund, the Infrastructure Fund was an illiquid investment that could not be redeemed or readily sold.  ECF No. 56-1 § 6.1.  In fact, there is no allegation that the Pension Fund *ever* disposed of its interest in the Infrastructure Fund.  Ultimately, the undisputed "context" here is that the LPA locked the Pension Fund into an investment—the Infrastructure Fund—over which Onset had sole discretion and exclusive authority, with no obligation to submit to any oversight or

monitoring by Defendants.[5]  Thus, Plaintiffs cannot state an ERISA claim against Defendants.

Trying to skirt the LPA's clear terms, Plaintiffs argue that if the LPA "hampered or prevented" Defendants from enforcing the Policy as to Onset, Defendants are to blame because they had a "duty to structure the Pension Fund's investment in a way that enabled Defendants to exercise their fiduciary duties." Opp. at 14.  This end run fails because Plaintiffs cannot deny that the Pension Fund's own legal counsel, not Defendants, negotiated, structured, and formed the LPA on the Pension Fund's behalf.  ECF No. 56-1 § 6.11.  As the LPA expressly states: "Investor Counsel," *i.e.*, the Pension Fund's lawyers, "has represented [] the Limited Partner in connection with this Agreement," including the "negotiating," "structuring and formation of the Partnership."  *Id.*  Furthermore, nothing in the Policy, which the Pension Fund approved, prevented the Pension Fund from structuring the LPA the way that it did.  To the contrary, the Policy expressly contemplated that the Pension Fund could make indirect equity investments in infrastructure through separate entities whose activities and guidelines would be

---

[5] The undisputed context also renders *Hurtado* inapplicable here.  Plaintiffs cite *Hurtado v. Rainbow Disposal Co.*, No. 8:17-cv-01605-JLS-DFM, 2018 U.S. Dist. LEXIS 118128, at *39 (C.D. Cal. July 9, 2018), to say that Defendants "should have known" of Onset's misconduct.  *See* Opp. at 17.  Yet unlike this case, *Hurtado* involved a fiduciary's duty under ERISA § 405(c)(2)(A) to act prudently in continuing a delegation of fiduciary responsibility to an appointed fiduciary. *Hurtado*, 2018 U.S. Dist. LEXIS 118128, at *38-39.  That limited duty only applies to ERISA fiduciaries with the power to appoint, retain and remove another plan fiduciary.  *See, e.g.*, *In re Calpine Corp. ERISA Litig.*, No. C-03-1685 SBA, 2005 U.S. Dist. LEXIS 9719, at *11-12 (N.D. Cal. Mar. 30, 2005) ("power of appointment gives rise to a limited duty to monitor").  Onset was not even a service provider to the Pension Fund, much less an appointed fiduciary.  Nor was there any mechanism under the LPA for Onset to be "removed" as General Partner of the Infrastructure Fund without a judicial determination that Onset engaged in specified acts of misconduct.  *See* ECF No. 56-1 § 4.2.1.

controlled by their own legal documents. *See* A.C. Ex. C at 8 ("Environmental Liability") and 9 ("Ways of Investing").

Similarly, Plaintiffs' waiver argument deserves short shrift. Plaintiffs argue that Defendants waived their right to seek dismissal of Plaintiffs' ERISA Section 404(a)(1)(D) claim, which asserts that Defendants failed to ensure Onset's compliance with the Policy, a Plan document. Opp. at 11; *see* A.C. ¶¶ 99-100. Not so. Defendants sought dismissal of Plaintiffs' entire Count I, which includes Plaintiffs' conclusory assertion that Defendants violated a plan document under Section 404(a)(1)(D). *See, e.g.*, ECF No. 53 at 1 ("Defendants move to dismiss Count I (breach of fiduciary duty under ERISA)"); Mot. at 13 ("Count I fails to state a claim."). In any event, Defendants addressed the substance of Plaintiffs' 404(a)(1)(D) claim in their Opening Brief. *See* Mot. 15-16. As explained above, the contention that Defendants failed to ensure Onset's compliance with the Policy is meritless; to echo the Opening Brief: "Defendants had no responsibility for ensuring Onset's compliance with standards to which Onset had no obligation to adhere and that Defendants had no power to enforce." Mot. at 16.

### C. The Amended Complaint Only Alleges *Onset's* Fraud, Not Any Facts to Demonstrate That Defendants Knew or Should Have Known of Onset's Fraud.

For Plaintiffs to survive a motion to dismiss their ERISA breach of fiduciary duty claims, they must demonstrate either context-specific direct allegations of Defendants' imprudence, or context-specific factual circumstances permitting the inference of Defendants' imprudence. *Bracalente v. Cisco Sys.*, No. 5:22-cv-04417-EJD, 2023 U.S. Dist. LEXIS 140678, at *9 (N.D. Cal. Aug. 11, 2023). Plaintiffs' Opposition concedes that Plaintiffs lack any direct allegations of imprudence by Defendants. *See* Opp. at 15. And while Plaintiffs claim that the Amended Complaint contains "detailed factual allegations" to support the

inference of imprudence, this assertion misrepresents the Amended Complaint's allegations. *Id.*

In particular, Plaintiffs claim that Defendants ignored several "red flags," *i.e.*, that Onset used flawed valuation metrics, inconsistently used valuation methodology, treated certain loans as fully collectible, and hid loans in deep payment default. *Id.* at 16-17. However, the Amended Complaint fails to allege any facts supporting a plausible inference that Defendants knew or should have known of Onset's alleged misconduct. Although Plaintiffs argue that Defendants had "extensive access to information concerning the Infrastructure Fund, the Portfolio Companies, and Onset's actions as the Program Manager," *id.* at 15, the Amended Complaint never demonstrates that Onset's alleged misconduct would have been apparent from those specific sources.

Defendants' prudence must be judged "based upon information available to [Defendants] at the time" and *not* "from the vantage point of hindsight." *See Klawonn v. Bd. of Dirs. for the Motion Picture Indus. Pension Plans*, No. CV 20-9194 DMG (JEMx), 2021 U.S. Dist. LEXIS 152355, at *22 (C.D. Cal. Aug. 9, 2021). The Amended Complaint offers nothing to demonstrate that information revealing Onset's alleged misconduct was available to Defendants at the relevant time.

The Opposition also cites as a purported "red flag" Defendants' alleged "request" that the Pension Fund invest additional funds into one of the Partnership's portfolio companies, GeoGenCo. Opp. at 17. According to Plaintiffs, the Pension Fund's investment advisor "could find no support for the claimed valuation of that company." *Id.* However, Plaintiffs fail to explain how a request for additional capital would have alerted Defendants to Onset's allegedly fraudulent valuations. In addition, the Amended Complaint does not allege that Defendants possessed information *at the time of the request* suggesting that the "claimed valuation" itself was flawed such that it would raise a red flag. Finally,

the alleged valuation discrepancy apparently was not enough to raise any alarm for the Pension Fund concerning Onset. *See* A.C. ¶ 87. Though the GeoGenCo incident allegedly caused the Pension Fund to fire Defendants "shortly thereafter," there is no allegation that the Pension Fund contemporaneously sought to renegotiate Onset's rights and obligations as a General Partner under the LPA. *See* A.C. ¶ 88.

In sum, the Amended Complaint concerns allegations of Onset's intentional fraudulent misconduct. Plaintiffs ask this Court to infer based on hindsight and speculation that Onset's alleged fraud could not have happened absent some kind of imprudent supervision by Defendants. *See* A.C. ¶ 75 ("Onset's fraud was only possible because the Defendants abandoned their fiduciary and contractual duties to review and monitor Onset's investment program."). This Court has no well-pled allegations from which to make that leap.

In fact, Plaintiffs' own allegations demonstrate just the opposite – that Defendants did as much as they could to oversee Onset and assist the Pension Fund given the undisputed limitations placed on Defendants by the LPA structure. For example, Plaintiffs acknowledge that Defendants were "actively involved in overseeing Onset's investment activities and regularly reported to the Pension Fund" and were "paid $75,000 per year to do so." Opp. at 2, 13. Plaintiffs also recognize that Defendants, among other duties, drafted the Policy, "attended more than twenty-five Board meetings," reviewed Onset's draft presentations to the Board, and reviewed Onset's capital call requests. Opp. at 13. Neither the Opposition nor the Amended Complaint identifies anything imprudent with any of these specific actions. Ultimately, the Amended Complaint fails to plausibly allege that Defendants breached any continuing duty of prudence after March 6, 2016.

The root of Plaintiffs' allegations is critical—Plaintiffs believe that Onset defrauded them by hiding its conduct, manipulating information, and intentionally overstating its performance. A.C. ¶¶ 69, 72, 76, 78. Plaintiffs' real issue is not

with Defendants—it is with Onset (as revealed by the lawsuit previously filed against Onset in California state court). It is well settled that a Court may dismiss a claim as "implausible" where there was an "obvious alternative explanation" for the challenged conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (quoting *Twombly*, 550 U.S. at 567). The "obvious alternative explanation"—and the only plausible one— here is that Onset, which had no obligation under the LPA to submit to Defendants' supervision or oversight, chose not to lay out its allegedly fraudulent activity for Defendants or anyone else to see. Count I thus fails to state a claim against Defendants and should be dismissed.

## II. EVEN AS PLED IN THE ALTERNATIVE, ERISA PREEMPTS STATE LAW COUNTS II-IV.

Though Plaintiffs concede that their state law claims "may ultimately be preempted," they argue the claims may proceed because they were plead as an alternative to Plaintiffs' ERISA claim. Opp. at 22. Wrong again. ERISA preemption does not discriminate; if a state law claim "bears on an ERISA-regulated relationship," it is preempted, whether plead in the alternative or not. *See In re Out of Network Substance Use Disorder Claims Against Unitedhealthcare*, No. SACV 19-2075 JVS (DFMx), 2020 U.S. Dist. LEXIS 153773, at *12 (C.D. Cal. July 29, 2020) (quoting *Paulsen v. CNF, Inc.,* 559 F.3d 1061, 1082 (9th Cir. 2009)); *Cox v. Eichler*, 765 F. Supp. 601, 605 (N.D. Cal. 1990) ("Plaintiffs cannot use the rules allowing alternative pleading as a defense to defendants' motion to dismiss.")

Plaintiffs cite *Coleman* and *ILWU-PMA* as license to pursue their preempted state law claims "for the time being," but neither case applies here. Opp. at 22 (citing *ILWU-PMA Welfare Plan Bd. of Trs. v. Conn. Gen. Life Ins. Co.*, No. C 15-02965 WHA, 2015 U.S. Dist. LEXIS 170832, at *24 (N.D. Cal. Dec. 22, 2015); *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1120 (E.D. Cal. 2003)). In those cases, the parties questioned whether, on the face of the complaint, the

plan at issue was an ERISA regulated plan or whether defendants were ERISA fiduciaries. Unlike in *Coleman* or *ILWU*, Plaintiffs plainly allege here that Defendants were ERISA fiduciaries of an ERISA-regulated plan.[6] A.C. ¶¶ 2, 19, 20-22. Defendants do not dispute the applicability of ERISA in their Motion to Dismiss, and Plaintiffs cannot invent such a dispute to avoid ERISA preemption.[7] Counts II-IV are preempted and must be dismissed.[8]

### III. LEAVE TO AMEND A SECOND TIME SHOULD BE DENIED.

Plaintiffs already attempted to save their ERISA and state law claims with an amended complaint filed after Defendants first moved to dismiss. Mot. at 2;

---

[6] Defendants acknowledge that they were ERISA fiduciaries to the extent they rendered "investment advice for a fee," had discretionary authority of administration in the plan, or exercised any "discretionary authority or discretionary control" over the plan or its assets. ERISA § 3(21)(A) (29 U.S.C. §1002(21)(A)).

[7] To the extent Plaintiffs purport to introduce—without any citation—the content of settlement discussions in order to defeat ERISA preemption, *see* Opp. at 21, that is improper under Federal Rule of Evidence 408(a). Fed. R. Evid. 408(a).

[8] As an ERISA Plan—and not a fiduciary, beneficiary, or participant—the Pension Fund has no standing to sue under ERISA. 29 U.S.C. § 1132(a)(2). Plaintiffs wrongly assert that the Trust Agreement established the Pension Fund and Plan separately. It did not. *See* ECF No. 62-1 (Trust Agreement) at Art. IX ("This Agreement and Declaration of Trust and the Pension Plan which is attached hereto *as a part hereof* may be amended . . ."); U.S. Dept. of Labor, https://www.efast.dol.gov/5500Search/ (search Plan Name field for "Construction Laborers Pension Trust for Southern California" and choose Plan Year "2016") (naming the "Construction Laborers Pension Trust Fund for Southern California," *i.e.*, the Pension Fund, as the "Name of the Plan."). Thus, the Pension Fund constitutes an ERISA-covered plan with no standing to sue under ERISA. *Steen v. John Hancock Life Ins. Co.*, 106 F.3d 904, 917 (9th Cir. 1997) (an ERISA "[p]lan itself does not have standing to sue" for breach of fiduciary duty); *see also Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 981-83 (9th Cir. 1999) (holding a trust fund that is not a fiduciary, a participant or a beneficiary of a plan has no standing to sue for breach of fiduciary duty under ERISA).

ECF No. 01.  Plaintiffs' amended pleading did not correct the material deficiencies with their claims.  *See* Opp. at 22-23.  Plaintiffs' claims "cannot be saved by further amendment," and therefore the Amended Complaint should be dismissed without leave to amend.  *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996).

## CONCLUSION

Plaintiffs' Opposition confirms that the Amended Complaint states no viable claim.  For the foregoing reasons, as well as those set forth in Defendants' Memorandum of Points and Authorities in Support of the Motion to Dismiss, the Amended Complaint should be dismissed with prejudice.

Dated:  March 5, 2024

/s/ Robyn Crowther
Robyn Crowther (SBN 193840)
**STEPTOE LLP**
633 West 5th Street, Suite 1900
Los Angeles, CA 90071

Diana K. Lloyd (*admitted pro hac vice*)
Caroline Trusty (*admitted pro hac vice*)
Alexander L. Bevans (*admitted pro hac vice*)
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, MA  02110

Eric G. Serron (*admitted pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for Defendant Meketa Investment Group, Inc. and Defendant Judy Chambers, certifies that this brief contains 3,334 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 5, 2024

/s/ Robyn Crowther
Robyn Crowther (SBN 193840)
**STEPTOE LLP**
633 West 5th Street, Suite 1900
Los Angeles, CA 90071

Diana K. Lloyd (*admitted pro hac vice*)
Caroline Trusty (*admitted pro hac vice*)
Alexander L. Bevans (*admitted pro hac vice*)
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, MA  02110

Eric G. Serron (*admitted pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036