UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Andrew Lowy
Ronald Richman
Paul Fine

Attorneys Present for Defendants:
Eric Serron
Alexander Bevans
Diana Lloyd
Caroline Trusty

**Proceedings:** ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (Dkt. 53, filed on JANUARY 12, 2024)

DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (Dkt. 55, filed on JANUARY 12, 2024)

## I.    INTRODUCTION

On September 15, 2023, plaintiffs Construction Laborers Pension Trust for Southern California (the "Pension Fund") and the Board of Trustees for the Construction Laborers Pension Trust for Southern California (the "Board"), each on behalf of the Construction Laborers Pension Plan for Southern California (the "Plan"), filed this action against defendants Meketa Investment Group, Inc. ("Meketa") and Judy Chambers. Dkt. 1. Plaintiffs asserted four claims for relief: (1) breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), as against all defendants; (2) breach of contract, as against Meketa; (3) breach of common law fiduciary duty, as against all defendants; and (4) negligence/gross negligence, as against all defendants. Id.

On November 17, 2023, defendants filed a motion to dismiss plaintiffs' complaint, a request for judicial notice in support of their motion to dismiss, and a motion to stay discovery pending the resolution of their motion to dismiss. Dkts. 31, 32, 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

On December 8, 2023, the Pension Fund, along with Jon Preciado, Sergio Rascon, Adrian Esparza, Alex Artiaga, Michael Dea, Hertz Ramirez, Peter Santillan, Jerome Di Padova, Catherine Moncada, Alan Ludwig, Jeff Stewart, Lance Boyer, Bill Boyd, and John Cooper, as Trustees of the Construction Laborers Pension Trust for Southern California, each on behalf of the Plan, filed an amended complaint (the "FAC") against defendants. Dkt. 48. Plaintiffs assert the same four claims for relief in the FAC, which mooted defendants' motion to dismiss and motion to stay. Id.; dkt. 49.

On January 12, 2024, defendants filed a motion to dismiss the FAC, a motion to stay discovery pending the resolution of their motion to dismiss, and a corrected request for judicial notice in support of their motion to dismiss.[1] Dkts. 53 ("MTD"), 55, 56. On February 13, 2024, plaintiffs filed an opposition to defendants' motion to dismiss, a request for judicial notice in support of their opposition, and an opposition to defendants' motion to stay discovery.[2] Dkts. 61 ("Opp."), 62, 63. On March 5, 2024, defendants filed a reply in support of their motion to dismiss and a reply in support of their motion to stay discovery. Dkts. 64 ("Reply"), 65.

On April 15, 2024, the Court held a hearing on defendants' motion to dismiss the FAC and motion to stay discovery pending the resolution of their motion to dismiss the FAC. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] Defendants request that the Court take judicial notice of one exhibit: a copy of the Pension Fund's complaint and accompanying exhibits filed in a closely related matter, Cal. Infrastructure Fund I Inc. LLC, v. Onset Gen. Partner, 23SM-cv-00483 (Cal. Sup. Ct. Feb. 1, 2023). Dkt. 56. The Court finds that judicial notice of this court filing is appropriate pursuant to Federal Rule of Evidence 201.

[2] Plaintiffs request that the Court consider two exhibits: (1) a copy of the Agreement and Declaration of Trust Establishing the Construction Laborers Pension Trust for Southern California, as amended to March 1, 1991 (the "Trust Agreement"), which is incorporated by reference into the FAC, and (2) tolling agreements between the Pension Fund and defendants dated July 25, 2023 (the "Tolling Agreements"). Dkt. 62. The Court finds it would be appropriate to consider the first exhibit because it is incorporated by reference. It is also appropriate to consider the second exhibit under the doctrine of judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

## II.   BACKGROUND

The Pension Fund is a Taft-Harley pension fund that was established pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). FAC ¶ 20. Defendant Chambers is a Private Markets Consultant and Managing Principal at defendant Meketa. Id. ¶ 24. Plaintiffs bring this action to enforce defendants' ERISA liability for breaching their fiduciary duties. Id. ¶ 19.

On November 14, 2014, the Pension Fund retained Pension Consulting Alliance, Inc., which merged with Meketa in January 2019, to provide investment consulting services. Id. ¶¶ 2, 31, 85. In the written retainer agreement (the "PCA Agreement"), defendants agreed to provide its services to the Pension Fund as an ERISA fiduciary. Id. ¶ 2. The Pension Fund engaged defendant to, in addition to several other services, "identify, interview, conduct due diligence on, and recommend potential Program Managers for the Infrastructure Fund who would implement the Infrastructure Investment Policy on its behalf and on behalf of the Plan." Id. ¶ 3. Regarding the Infrastructure Investment Program Development, defendant agree to:

> (i) "assist in developing a unique investment platform that captures objectives of the [Pension Fund]"; (ii) "review/develop investment strategy, policies, procedures, goals and objectives"; (iii) "oversee the Program Manager's strategy, investment selection process, deal pipeline and investment process"; (iv) "implement responsible contracting policies and procedures"; (v) "assess risk profiles of various sub-asset types"; (vi) "propose benchmark and risk measures"; (vii) "assist with portfolio target allocation and ranges"; (viii) "advise on investment structuring and commitment pacing"; and (ix) "advise on portfolio construction."

Id. ¶ 35. Pursuant to the PCA Agreement, defendant would be paid $75,000 per year "for ongoing program manager due diligence, program monitoring and reporting" and would oversee the strategy and investment selection process of the Program Manager. Id. ¶ 4. On December 9, 2014, the Board adopted defendants' Infrastructure Investment Policy for the Pension Fund at Chambers' recommendation. Id. ¶¶ 38-39. The Infrastructure Investment Policy set forth several objectives and obligations, including Meketa's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                            'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

"responsibility to 'monitor the investment process for compliance with this policy'" and "an obligation to monitor and evaluate Infrastructure Fund managers." Id. ¶¶ 40-48.

This case arises out of the recommendation by defendants Meketa and Chambers of Onset Capital Partners, LLC ("Onset") as the Program Manager of the Infrastructure Fund. According to plaintiffs, defendants failed to adequately vet potential Program Managers and recommended Onset. Id. ¶ 5. On March 10, 2015, defendants attended a Board meeting and presented their preliminary assessment of eight potential managers, including Onset. Id. ¶¶ 49-50. Although defendants represented that Onset had three partners, Onset was wholly owned by Wendell McCain and its "three purported principals—McCain, Eric Perreca, and Charles Snyder, had *never* worked together before and, in fact, had been introduced to each other by Chambers[,]" who went to business school with McCain, for the "exclusive and express purpose of managing the Pension Fund's investment." Id. ¶¶ 5, 51, 53 (emphasis in original). Plaintiffs allege that defendants were also aware that McCain had been cited on numerous occasions for driving without a license, which had been revoked or suspended, and both experienced financial difficulties and engaged in "time-consuming commercial activities" during Onset's tenure. Id. ¶¶ 54-55. However, defendants concealed this relevant information, including Onset's lack of experience, and knew or should have known that their March 2015 Presentation was misleading. Id. ¶¶ 52-55.

Based on defendants' recommendation, Onset was chosen by the Pension Fund to be the Program Manager and became the general partner of the Infrastructure Fund in January 2016. Id. ¶¶ 60, 62. After the Pension Fund committed to invest $30 million of Plan assets in the Infrastructure Fund for Onset to manage, Onset repeatedly failed to follow the Infrastructure Investment Policy guidelines, including by making "a series of ill-advised investment decisions, putting the Pension Fund's capital in nine early stage infrastructure start-up companies (the "Portfolio Companies") with little or no appropriate diligence." Id. ¶¶ 6-8, 10. According to plaintiffs, defendants breached their ERISA fiduciary duties by either "fail[ing] to adequately fulfill their duties to monitor Onset and ensure compliance with the Infrastructure Investment Policy, or [] fail[ing] to disclose Onset's repeated violations of the Infrastructure Investment Policy to the Board." Id. ¶ 64. Instead of monitoring Onset's management of the Infrastructure Fund, defendants accepted Onset's "baseless methods for valuing different Portfolio Companies" and material misrepresentations regarding the performance and valuation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

its investments, and then repeated these valuations in periodic reports to the Pension Fund. Id. ¶¶ 13, 76-77. When Onset requested significant additional capital from the Pension Fund to support the Portfolio Companies, defendants "reflexively recommended" that the Pension Fund fulfill the request instead of investigating any potential problems at Onset. Id. ¶ 14. After the alleged discovery of problems with the claimed valuation of a Portfolio Company, the Pension Fund notified Chambers in August 2020, of its intent to terminate Meketa's services, effective September 2020. Id. ¶¶ 87-88. The Pension Fund hired third-party advisors to review the Infrastructure Fund's condition, and they found that at least three of the Portfolio Companies were worthless, which defendants "either knew or would have uncovered had they been diligent in the exercise of their fiduciary duties." Id. ¶¶ 15, 91-92. This review ultimately led the Pension Fund to replace Onset as general partner. Id. ¶ 91. Because defendants did not act prudently by recommending Onset and by failing to review and monitor the Infrastructure Fund's performance, plaintiffs allege that they suffered large, avoidable losses. Id. ¶¶ 17-18.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Motion to Dismiss the FAC[3]

#### 1. Plaintiffs' Claim for Breach of Fiduciary Duty Under ERISA

Defendants argue that plaintiffs' imprudent vetting and recommendation claims are time-barred by ERISA's six-year statute of repose because defendants' alleged actions

---

[3] Defendants argue that the Court should dismiss the FAC with prejudice because plaintiffs cannot cure the time-barred allegations, preempted state law claims, or the fact that their quarrel is not with defendants but with Onset. MTD at 23; Reply at 16-17. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

necessarily occurred before January 2016, when plaintiffs and Onset executed a limited partnership agreement (the "LPA"). MTD at 10; see also 29 U.S.C. § 1113. They further argue that plaintiffs do not allege "affirmative steps 'beyond the breach itself [with] the effect of concealing the breach from its victims'" to allege the type of concealment or fraud that would toll the six-year period. MTD at 11; see also Guenther v. Lockheed Martin Corp., 972 F.3d 1043, 1057 n.10 (9th Cir. 2020) (citation omitted).

According to defendants, this claim also fails because their process leading to their recommendation of Onset was not imprudent. MTD at 11. Defendants dispute plaintiffs' allegations and contend that they "disclosed the relevant facts related to Onset's ability to manage the Infrastructure Fund" and were not required by the LPA to affirmatively disclose that "Chambers attended business school with Onset's founder; that Chambers introduced Onset's principals; and that Onset's founder had tax liens and a suspended drivers' license." Id. at 12. Further, defendants argue they were not required to ensure Onset's compliance with the Policy because Onset was not an ERISA fiduciary and had no duty to comply with the Policy under either the LPA or ERISA. Id. at 15-16. Thus, defendants contend that "common sense requires the conclusion that [d]efendants had no responsibility for ensuring Onset's compliance with standards to which Onset had no obligation to adhere and that [d]efendants had no power to enforce." Id. at 16. In addition, defendants argue that plaintiffs fail to provide either "direct allegations" regarding how defendants' supervision of Onset and advice to plaintiffs were imprudent or "circumstantial factual allegations" that do not improperly rely on hindsight analysis. Id. at 16-18 (citations omitted). Finally, defendants argue that as an ERISA-covered plan, rather than a participant, fiduciary, or beneficiary of an ERISA plan, the Pension Fund lacks ERISA standing. Id. at 20.

In opposition, plaintiffs assert that the parties entered into agreements that tolled the statute of repose from December 13, 2021, through January 15, 2023, and again from April 5, 2023, through September 15, 2023, when plaintiffs filed this action. Opp. at 7. Plaintiffs contend that their imprudent vetting and recommendation claims are not time-barred because "(i) [d]efendants breached a continuing duty to advise the Pension Fund to remove Onset as the general partner and (ii) [d]efendants fraudulently concealed their

---

opposition, plaintiffs argue that if the Court finds the FAC to be deficient, it should grant plaintiffs leave to amend. Opp. at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

breach." Id. at 7-8; see also Tibble v. Edison Int'l, 575 U.S. 523, 530 (2015) ("[S]o long as the alleged breach of the continuing duty occurred within six years of suit, the claim is timely."). Plaintiffs assert that defendants imprudently continued to recommended Onset as the general partner and even recommended that the Pension Fund invest additional funds with Onset in 2020, despite the information they knew or should have known about Onset. Opp. at 8-10. Moreover, plaintiffs argue that the six-year period should be tolled because they have sufficiently alleged defendants' deliberate concealment of several material facts, such as that:

> (i) Onset's three "partners" had never worked together before, (ii) Chambers had a direct role in Onset's creation, (iii) Onset was an entity wholly owned by McCain that did not focus on infrastructure investments, and (iv) McCain's driver's license had been suspended or revoked for unknown reasons and he had had been cited in North Carolina on numerous occasions over a ten-year-period for driving without a license.

Id. at 10-11. Further, plaintiffs assert that defendants expressly agreed to act as fiduciaries of the Pension Fund, had a fiduciary duty to monitor the infrastructure investment program and Onset, and were paid an annual fee of $75,000 to do so.[4] Id. at 12-13. While defendants claim that they lacked authority to monitor Onset due to the Infrastructure Fund's structure, plaintiffs argue that defendants were "actively involved in overseeing Onset's investment activities and regularly reported to the Board on the status of the Infrastructure Fund's investments."[5] Id. at 13-14. According to plaintiffs, the

---

[4] Plaintiffs contend that because defendants do not challenge plaintiffs' allegation that defendants "breached their duty to act in accordance with the plan documents under ERISA Section 404(a)(1)(D)," defendants are not entitled to dismissal of the claim in its entirety. Opp. at 11-12. In reply, defendants argue that they seek dismissal of plaintiffs' entire claim, including "[p]laintiffs' conclusory assertion that [d]efendants violated a plan document under Section 404(a)(1)(D)." Reply at 12.

[5] According to plaintiffs, "if [d]efendants believed that the structure of the Infrastructure Fund hampered or prevented them from exercising oversight over Onset, they had a duty to inform the Pension Fund of that fact—especially given that they were being paid $75,000 per year to do just that—and propose alternative structures that would have allowed them to exercise oversight over Onset." Opp. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

Court may infer that defendants breached their duty of prudence from their allegations that defendants failed both "to identify investments that were inconsistent with the Policy" and "to notify the Pension Fund that Onset was making investments that were inconsistent with the Policy despite knowing that Onset was doing so." Id. at 15-16. Plaintiffs assert that defendants ignored numerous red flags regarding Onset's fraudulent conduct, accepted Onset's fraudulently inflated valuations uncritically, and "repeated them in periodic reports to the Pension Fund." Id. at 16-17. Finally, plaintiffs argue that the Pension Fund has standing pursuant to Section 502(a)(2) of ERISA because it is a fiduciary as the administrator of the Plan and is separate from the Plan under the Trust Agreement and as alleged in the FAC.[6] Id. at 18-19 (citing Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 982 (9th Cir. 1999) ("[A] trust fund could qualify as a fiduciary of a separate ERISA plan so long as it exercises discretionary authority over the management or administration of the plan or its assets.").

In reply, defendants contend than "any alleged breaches *before* March 6, 2016 remain time-barred" by ERISA's statute of limitations, even if defendants continuously violated their fiduciary duties. Reply at 7-8 (emphasis in original). Moreover, defendants argue that the Ninth Circuit has not found the failure to disclose material information to constitute the type of fraud or concealment that would toll the ERISA statute of limitations. Id. at 9. Further, defendants assert that the undisputed terms of the LPA—that Onset had no obligation to follow the Policy or submit to defendants' monitoring or oversight—defeat plaintiffs' ERISA claim. Id. at 9-11. According to defendants, plaintiffs concede they do not directly allege imprudence by defendants and fail to allege facts to support that defendants knew or should have known of the alleged misconduct by Onset, particularly at the relevant time. Id. at 12-13. Thus, defendants argue that plaintiffs fail to allege that defendants "breached any continuing duty of prudence after March 6, 2016." Id. at 14.

As an initial matter, the Court finds that the Pension Fund has ERISA standing.

---

[6] Even if the Pension Fund does not have ERISA standing, plaintiffs argue that their claims would not be subject to dismissal because (1) the Trustees are also plaintiffs in their capacity as fiduciaries of the Plan and (2) the Pension Fund is a proper plaintiff with respect to the non-ERISA claims. Opp. at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

Plaintiffs allege that because defendants failed to disclose material information about Onset, plaintiffs retained Onset in January 2016. With regard to ERISA's statute of limitations, the Court agrees with defendants that ERISA's six-year statute of repose bars certain of plaintiffs' allegations. See 29 U.S.C.A. § 1113 ("No action may be commenced . . . with respect to a fiduciary's breach of any . . . duty . . . (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation[.]"). Based on the parties' agreement that March 2, 2016, is the last date on which claims could accrue that fall within both the statute of limitations and the confines of the 2023 Tolling Agreements, the Court concludes that statements made and conduct by defendants earlier than March 2, 2016, are barred by the statute of limitations, unless tolling applies.

To toll the six-year period through the fraud or concealment exception, plaintiffs must allege that defendants took "steps to hide [their] breach of fiduciary duty." Guenther, 972 F.3d at 1057. The Ninth Circuit has explained that "the facts constituting the claim for breach of fiduciary duty alone cannot also serve as the basis for fraud or concealment—otherwise, the exception would swallow the rule." Id. at 1057 n.10. Here, plaintiffs have not alleged facts beyond those relating to defendants' breaches of their fiduciary duties to toll the six-year period. Therefore, the Court **GRANTS** defendants' motion to dismiss plaintiffs' claim for breach of fiduciary duty, as to defendants' conduct before March 2, 2016, with leave to amend.

However, the Court finds that plaintiffs have sufficiently pled the remainder of their breach of fiduciary duty claim to survive a motion to dismiss. Plaintiffs have alleged that defendants are ERISA fiduciaries of the Pension Fund and breached their fiduciary duties through several actions and inactions, such as by failing to supervise Onset, to follow the relevant governing documents, and to generally act prudently in their work. Accordingly, the Court **DENIES** defendants' motion to dismiss, as to the remainder of plaintiffs' claim for breach of fiduciary duty under ERISA.

2. Plaintiffs' Remaining State Law Claims

Defendants argue that ERISA preempts all of plaintiffs' remaining state law claims, which are connected to the ERISA-regulated relationship at issue between the Pension Fund and its ERISA fiduciaries—defendants. MTD at 20-21. Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

further argue that applying state law fiduciary standards to ERISA fiduciaries "'risk[s] the imposition of inconsistent standards and remedies' on the administration of ERISA plans." Id. at 21-22 (citing Cox v. Eichler, 765 F. Supp. 601, 606 (N.D. Cal. 1990)). Finally, defendants contend that because ERISA preempts state law claims that require the Court to interpret ERISA plan documents, ERISA preempts plaintiffs' breach of contract claim, which would require the Court to interpret the Policy. MTD at 22.

In opposition, plaintiffs assert that they are entitled to plead state law claims in the alternative to their ERISA claim in the event defendants do not concede they are ERISA fiduciaries. Opp. at 21-22.

In reply, defendants argue that ERISA preempts plaintiffs' state law claims, regardless of whether or not they are pled in the alternative. Reply at 15 (citing Cox, 765 F. Supp. at 605). Defendants distinguish this case from the cases cited by plaintiffs because here, plaintiffs allege that defendants were ERISA fiduciaries, and "[d]efendants do not dispute the applicability of ERISA in their Motion to Dismiss." Reply at 15-16.

ERISA preempts any state law claims that "relate to" and thus have "a connection with" an employee benefit plan. See Bafford v. Northrop Grumman Corp., 994 F.3d 1020, 1030-31 (9th Cir. 2021) (citation omitted). The Ninth Circuit has "employed a 'relationship test' in analyzing 'connection with' preemption, under which a state law claim is preempted when the claim bears on an ERISA-regulated relationship, e.g., the relationship between plan and plan member, between plan and employer, between employer and employee." Paulsen v. CNF Inc., 559 F.3d 1061, 1082 (9th Cir. 2009) (citation omitted). Here, all three of plaintiffs' state law claims—breach of contract, breach of common law fiduciary duty, and negligence/gross negligence—concern the relationship between the Pension Fund and defendants in their capacity as ERISA fiduciaries of the Pension Fund. Therefore, regardless of whether plaintiffs plead their claims in the alternative, ERISA preempts plaintiffs' state law claims because they bear on an ERISA-regulated relationship. See Cox, 765 F. Supp. at 605 ("[P]laintiffs may not assert preempted state law claims, even in the alternative; if ERISA operates to preempt plaintiffs' state law claims, preemption is mandatory."). Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiffs' state law claims without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

**B.   Motion to Stay Discovery Pending the Resolution of the Motion to Dismiss the FAC**

In light of the fact that the Court has resolved defendants' motion to dismiss, the Court assumes that defendants' motion to stay discovery is now moot.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **GRANTS IN PART and DENIES IN PART** defendants' motion to dismiss. The Court **GRANTS** defendants' motion as to plaintiffs' allegations that are barred by ERISA's statute of limitations and as to plaintiffs' state law claims with leave to amend, and **DENIES** defendants' motion as to the remainder of plaintiffs' claim for breach of fiduciary duty under ERISA. Plaintiffs shall file an amended complaint within fourteen days of this order. Thirty days thereafter, defendants shall file a response to the amended complaint.

Because the Court has ruled on defendants' motion to dismiss, defendants' motion to stay discovery is **MOOT**.

IT IS SO ORDERED.

| | 00 : 40 |
|---|---|
| Initials of Preparer | CMJ |