UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Taleah Jennings | Eric Serron |
| Andrew Lowy | Alexander Bevans |
| Ronald Richman | Diana Lloyd |
| Geronimo Perez | Caroline Trusty |
| | Samuel Rudman |

**Proceedings:**   ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (Dkt. 72, filed on MAY 29, 2024)

## I.    INTRODUCTION

On September 15, 2023, plaintiffs Construction Laborers Pension Trust for Southern California (the "Pension Fund") and the Board of Trustees for the Construction Laborers Pension Trust for Southern California (the "Board"), each on behalf of the Construction Laborers Pension Plan for Southern California (the "Plan"), filed this action against defendants Meketa Investment Group, Inc. ("Meketa") and Judy Chambers (collectively, "defendants").  Dkt. 1.  Plaintiffs asserted four claims for relief: (1) breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), as against all defendants; (2) breach of contract, as against Meketa; (3) breach of common law fiduciary duty, as against all defendants; and (4) negligence/gross negligence, as against all defendants.  Id.

On November 17, 2023, defendants filed a motion to dismiss plaintiffs' complaint, a request for judicial notice in support of their motion to dismiss, and a motion to stay discovery pending the resolution of their motion to dismiss.  Dkts. 31, 32, 33.

On December 8, 2023, the Pension Fund, along with Jon Preciado, Sergio Rascon, Adrian Esparza, Alex Artiaga, Michael Dea, Hertz Ramirez, Peter Santillan, Jerome Di

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

Padova, Catherine Moncada, Alan Ludwig, Jeff Stewart, Lance Boyer, Bill Boyd, and John Cooper, as Trustees of the Construction Laborers Pension Trust for Southern California, each on behalf of the Plan, filed an amended complaint (the "FAC") against defendants. Dkt. 48.  Plaintiffs asserted the same four claims for relief in the FAC, which mooted defendants' motion to dismiss and motion to stay.  Id.; dkt. 49.

On January 12, 2024, defendants filed a motion to dismiss the FAC, a motion to stay discovery pending the resolution of their motion to dismiss, and a corrected request for judicial notice in support of their motion to dismiss.  Dkts. 53, 55, 56.  On April 15, 2024, the Court granted in part and denied in part defendants' motion to dismiss.  Dkt. 68.  The Court granted defendants' motion as to plaintiffs' allegations that are barred by ERISA's statute of limitations and as to plaintiffs' state law claims with leave to amend, and denied defendants' motion as to the remainder of plaintiffs' claim for breach of fiduciary duty under ERISA.  Id.  Because the Court ruled on defendants' motion to dismiss, defendants' motion to stay discovery was moot.  Id.

On April 29, 2024, plaintiffs filed a second amended complaint (the "SAC"), asserting essentially the same four claims for relief as in the FAC.  Dkt. 69.

On May 29, 2024, defendants filed a motion to dismiss plaintiffs' SAC and a request for judicial notice in support of their motion.[1]  Dkts. 72 ("Mot."), 73.  On June 28, 2024, plaintiffs filed an opposition to defendants' motion to dismiss.  Dkt. 74 ("Opp.").  On July 19, 2024, defendants filed a reply in support of their motion.  Dkt. 76 ("Reply").

On August 5, 2024, the Court held a hearing on defendants' motion to dismiss plaintiffs' SAC.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] Defendants request that the Court take judicial notice of one exhibit: a copy of the Pension Fund's complaint and accompanying exhibits filed in a closely related matter, Cal. Infrastructure Fund I Inc. LLC, v. Onset Gen. Partner, LLC, 23SM-cv-00483 (Cal. Sup. Ct. Feb. 1, 2023).  Dkt. 73.  The Court finds that judicial notice of this court filing is appropriate pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

## II.    BACKGROUND

The Pension Fund is a Taft-Harley pension fund that was established pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). SAC ¶ 24. Defendant Chambers is a Private Markets Consultant and Managing Principal at defendant Meketa. Id. ¶ 29. Plaintiffs bring this action to enforce defendants' ERISA liability for breaching their fiduciary duties. Id. ¶ 23.

On November 14, 2014, the Pension Fund retained Pension Consulting Alliance, Inc., which merged with Meketa in January 2019, to provide investment consulting services. Id. ¶¶ 4, 36, 85. In the written retainer agreement (the "PCA Agreement"), defendants agreed to provide their services to the Pension Fund as an ERISA fiduciary. Id. ¶ 4. The Pension Fund engaged defendants to, in addition to several other services, "identify, interview, conduct due diligence on, and recommend potential Program Managers for the Infrastructure Fund who would implement the Infrastructure Investment Policy on its behalf and on behalf of the Plan." Id. ¶ 5. Regarding the Infrastructure Investment Program Development, defendants agree to:

> (i) "assist in developing a unique investment platform that captures objectives of the [Pension Fund]"; (ii) "review/develop investment strategy, policies, procedures, goals and objectives"; (iii) "oversee the Program Manager's strategy, investment selection process, deal pipeline and investment process"; (iv) "implement responsible contracting policies and procedures"; (v) "assess risk profiles of various sub-asset types"; (vi) "propose benchmark and risk measures"; (vii) "assist with portfolio target allocation and ranges"; (viii) "advise on investment structuring and commitment pacing"; and (ix) "advise on portfolio construction."

Id. ¶ 40. Pursuant to the PCA Agreement, defendants would be paid $75,000 per year "for ongoing program manager due diligence, program monitoring and reporting" and would oversee the strategy and investment selection process of the Program Manager. Id. ¶ 7. On December 9, 2014, the Board adopted defendants' Infrastructure Investment Policy for the Pension Fund at Chambers' recommendation. Id. ¶¶ 43-44. The Infrastructure Investment Policy set forth several objectives and obligations, including Meketa's "responsibility to 'monitor the investment process for compliance with this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

policy'" and "an obligation to monitor and evaluate Infrastructure Fund managers." Id. ¶¶ 45-53. This case arises out of the recommendation by defendants Meketa and Chambers of Onset Capital Partners, LLC ("Onset") as the Program Manager of the Infrastructure Fund. According to plaintiffs, defendants failed to prudently vet potential Program Managers and recommended Onset, and they thereafter continued to conceal this breach of fiduciary duty from the Pension Fund. Id. ¶ 8.

On March 10, 2015, defendants attended a Board meeting and presented their preliminary assessment of eight potential managers, including Onset. Id. ¶¶ 54-55. Although defendants represented that Onset had three partners, Onset was wholly owned by Wendell McCain, and its "three purported principals—McCain, [Eric] Perreca, and [Charles] Snyder, had *never* worked together before and, in fact, had been introduced to each other by Chambers," who went to business school with McCain, for the "exclusive and express purpose of managing the Pension Fund's investment." Id. ¶¶ 56-57, 64 (emphasis in original). Plaintiffs allege that defendants were also aware that McCain had been cited on numerous occasions for driving without a license, which had been revoked or suspended, and had experienced financial difficulties and engaged in "time-consuming commercial activities" during Onset's tenure. Id. ¶¶ 65, 82. However, defendants failed to disclose this and other relevant information, including that Onset lacked experience and infrastructure, to the Pension Fund, and knew or should have known that their March 2015 Presentation was misleading. Id. ¶¶ 63-66.

Based on defendants' recommendation, Onset was chosen by the Pension Fund to be the Program Manager and became the general partner of the Infrastructure Fund in January 2016. Id. ¶¶ 71, 79. After the Pension Fund committed to invest $30 million of Plan assets in the Infrastructure Fund for Onset to manage, Onset repeatedly failed to follow the Infrastructure Investment Policy guidelines, including by making "a series of ill-advised investment decisions, putting the Pension Fund's capital in nine early stage infrastructure start-up companies (the "Portfolio Companies") . . . with little or no appropriate diligence." Id. ¶¶ 11-12. According to plaintiffs, defendants breached their ERISA fiduciary duties and "continued to conceal Onset's lack of qualifications and ability to carry out its role as the general partner of the Infrastructure Fund." Id. ¶ 101. Instead of prudently monitoring Onset's management of the Infrastructure Fund in accordance with their fiduciary duties, defendants accepted Onset's "baseless methods for valuing different Portfolio Companies" and material misrepresentations regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

performance and valuation of its investments, and then repeated these valuations in periodic reports to the Pension Fund. Id. ¶¶ 17, 85, 103-06. Further, when Onset requested significant additional capital from the Pension Fund to support the Portfolio Companies, defendants recommended that the Pension Fund fulfill the request instead of raising any potential problems with Onset's performance. Id. ¶ 19.

The Pension Fund notified Chambers in August 2020, of its intent to terminate Meketa's services, effective September 2020. Id. ¶ 122. Thereafter, the Pension Fund hired third-party advisors to review the Infrastructure Fund's condition, and they found that at least three of the Portfolio Companies were worthless, which defendants "either would have known had they monitored Onset prudently in accordance with their fiduciary duties, or did not know because [d]efendants breached their fiduciary duties to monitor Onset prudently." Id. ¶¶ 20, 125, 128. The Pension Fund replaced Onset as general partner as of January 1, 2022. Id. ¶ 127. Because defendants failed to act prudently in recommending Onset, failed to inform the Pension Fund of Onset's failures, and further concealed their "manifest breaches of fiduciary duties in vetting prospective managers" until the Pension Fund terminated their services in 2020, plaintiffs allege that they suffered large, avoidable losses. Id. ¶¶ 21-22.

## III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

## IV.    DISCUSSION[2]

### A.    Plaintiffs' Claim for Breach of Fiduciary Duty Under ERISA

#### 1.    ERISA's Six-Year Statute of Repose & Pre-2016 Conduct

Defendants argue that plaintiffs assert the same imprudent vetting and recommendation claims that the Court dismissed in its April 15, 2024 order as time-barred by ERISA's six-year statute of repose.  Mot. at 9; see also dkt. 68.  They further argue that plaintiffs have not demonstrated that defendants took affirmative steps to hide their breaches of fiduciary duty for the narrow concealment exception to apply and toll the statute of limitations.  Mot. at 9-10.  According to defendants, "[p]laintiffs cannot use allegations that [d]efendants 'recommended' Onset, 'endorsed' Onset's qualifications, 'approved' Onset's conduct, or 'repeated' Onset's fraudulent valuations to plead fraud or concealment because that alleged conduct already serves as the basis for the alleged underlying breach of fiduciary duty" and thus does not constitute "a separate affirmative act of concealment."  Id. at 10, 12 (citing Guenther v. Lockheed Martin Corp., 972 F.3d 1043, 1057 n.10 (9th Cir. 2020)).  Further, defendants contend that plaintiffs' allegations of concealment relate to defendants' alleged failure to disclose material facts about Onset, but the Ninth Circuit has held that such a failure "does not rise to the level of 'fraud or concealment'" for tolling purposes.  Mot. at 12-13 (citing Guenther, 972 F.3d at 1057).  Thus, defendants argue that because "[p]laintiffs have no well-pled allegations that [d]efendants 'made knowingly false misrepresentations with the intent to defraud' or 'undertook 'affirmative steps' to conceal any alleged fiduciary breaches,'" the Court must dismiss with prejudice plaintiffs' untimely claims regarding conduct before March 2, 2016.  Id. at 14-15 (citation and emphasis omitted); see also dkt. 68.

In opposition, plaintiffs argue that their allegations of defendants' concealment and/or fraud in the SAC toll the six-year limitations period.  Opp. at 9.  According to plaintiffs, the SAC "demonstrate[s] that, both at the time they breached their fiduciary duties by imprudently vetting potential managers and recommending Onset and for years

---

[2] Defendants argue that the Court should dismiss the SAC with prejudice because amendment would be futile—particularly of plaintiffs' time-barred ERISA claims—and would unduly prejudice defendants, including by burdening them with costly discovery.  Mot. at 19-21; Reply at 7-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

thereafter, [d]efendants affirmatively concealed their breaches by repeatedly portraying Onset as a capable steward of the Pension Fund's investment in the Infrastructure Fund." Id. at 10.  Plaintiffs allege that defendants failed to disclose information about Onset, including its lack of qualifications, its violations of the Investment Policy, and its misrepresentations regarding valuations and investments, and instead made repeated representations that Onset was managing the investments well.  Id. at 10-12.  Further, plaintiffs argue that defendants' concealment of their pre-2016 breaches of fiduciary duties—their imprudent vetting and recommendation of Onset—both tolls the statute of limitations for their pre-2016 conduct and constitutes separate breaches of fiduciary duties.  Id. at 12.  Plaintiffs contend that "[d]efendants' concealment involved different actions than the underlying breach and occurred after the underlying breach" and therefore "does not 'already serve[] as the basis for the alleged [pre-2016] breach of fiduciary duty.'"  Id. (citing Mot. at 12).  Moreover, plaintiffs argue that even if the SAC alleges only a single breach, their claim would still be timely because defendants continued to recommend Onset until 2020.  Id. at 13.  Thus, plaintiffs argue that tolling should apply because they allege "affirmative conduct upon the part of [[d]efendants] which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief."  Id. at 14-15 (citing Guenther, 972 F.3d at 1057).

In reply, defendants argue that "as both this Court and the Ninth Circuit have held, plaintiffs *cannot* show fraudulent concealment when they 'have not alleged facts beyond those relating to defendants' [alleged] breaches of their fiduciary duties.'"  Reply at 2 (citation omitted and emphasis in original).  Moreover, defendants argue that the Court has already rejected plaintiffs' argument that defendants' later breaches of fiduciary duties concealed their pre-2016 conduct.  Id. at 2-3.  Defendants compare this action to Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through Lyon v. Buth ("Appvion") because the plaintiff, like plaintiffs here, "failed to allege any 'trick or contrivance' separate from those underlying breaches sufficient to toll the statute of limitations."  Id. at 3; see also Appvion, 99 F.4th 928, 941 (7th Cir. 2024).  Further, they argue that "[b]ecause a failure to disclose cannot constitute fraud or concealment, and because [d]efendants could not logically take affirmative steps to hide information that they 'did not know,' under either theory [p]laintiffs espouse, none of the allegations underlying the alleged breaches of fiduciary duty in this case could qualify as fraudulent concealment."  Reply at 5.  Finally, defendants assert that plaintiffs' "continuing duty" theory also fails because the Court already rejected it and because "any alleged breach in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

*recommending [p]laintiffs' initial investment* in the Infrastructure Fund necessarily took place *before* March 2, 2016." Id. at 5-6 (emphasis in original).

Throughout the SAC, plaintiffs allege that "[d]efendants took affirmative steps to conceal their imprudent vetting of Onset and its principals following the execution of the LPA" and that "presentations, advice, and recommendations by [d]efendants concerning Onset and the Infrastructure Fund to the Pension Fund during the entire period of [d]efendants' multiyear engagement concealed Onset's fraud and inexperience." See SAC ¶¶ 73, 117. It appears to the Court that plaintiffs have alleged facts beyond those underlying defendants' breaches of fiduciary duties to satisfy the concealment exception and to toll the statute of limitations. While plaintiffs allege that defendants failed to disclose material information about Onset to the Pension Fund, they also allege that defendants took affirmative steps to conceal their imprudent vetting and recommendation of Onset by approving and endorsing Onset's work and behavior. Moreover, the Court finds that the issue of whether defendants took steps to hide their breaches of fiduciary duties is a question of fact and is thus inappropriate for decision on a motion to dismiss. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' claim for breach of fiduciary duty, as to defendants' conduct before March 2, 2016.

2.    Post-2016 Breaches of Fiduciary Duties

Defendants argue that the undisputed fact that Onset had "sole discretion and exclusive authority over the Infrastructure Fund and its investments" pursuant to the LPA forecloses plaintiffs' ERISA claim against defendants. Mot. at 15. Defendants assert that they had no authority to require Onset's compliance with the Policy or submission to defendants' oversight and thus cannot be blamed for Onset's fraudulent management of the Infrastructure Fund. Id. Moreover, defendants contend that "the SAC itself alleges that [d]efendants were monitoring Onset, and it never explains how [d]efendants could have known of Onset's misconduct through that monitoring" or how defendants' oversight was imprudent. Id. at 15-16. Similarly, they argue that plaintiffs do not demonstrate that Chambers knew or could have known about Onset's misrepresentations or how she could have forced Onset to confess those misrepresentations to defendants. Id. at 17. Thus, defendants argue that "the only reasonable inference that can be drawn here is that Onset, with the exclusive authority and discretion it had under the LPA, was able to—and allegedly did—lie to [d]efendants about the status of the Infrastructure Fund," rendering defendants and plaintiffs both victims of Onset's fraud. Id. at 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

In opposition, plaintiffs argue that defendants "imprudently failed 'to monitor and review the Pension Fund's investment with Onset'" by failing to disclose or respond to Onset's investments that violated the Investment Policy and by ignoring several red flags that either did alert or should have alerted them to Onset's fraudulent conduct. Opp. at 15-16. Plaintiffs contend that defendants instead accepted Onset's fraudulently inflated valuations and then repeated them to the Pension Fund. Id. at 16. Thus, plaintiffs argue that they have sufficiently alleged that defendants "knew or should have known about [Onset's] misconduct and failed to remedy the situation." Id. (citation omitted). Further, plaintiffs argue that the Court should reject defendants' arguments pursuant to the law of the case doctrine. Id. at 17. They contend that defendants do not argue "that 'controlling authority has since made a contrary decision of the law' or that the Court's prior decision was 'clearly erroneous and would work a manifest injustice'" for the Court to properly disregard the law of the case, but instead argue that the SAC's allegations are weaker than those asserted in the FAC. Id. at 17-18 (citation omitted). According to plaintiffs, defendants "do not identify any 'additional allegations' in the SAC that call the Court's prior decision into question" and rely on the same arguments that the Court has already rejected. Id. at 18-19, 22.

In reply, defendants cite Askins v. U.S. Dep't of Homeland Sec. for the proposition that "[t]he law of the case doctrine does not 'bar a court from reconsidering its own orders before judgment is entered or the court is otherwise divested of jurisdiction over the order.'" Reply at 6; see also Askins, 899 F.3d 1035, 1042 (9th Cir. 2018). Thus, they argue that the Court may review the merits of the SAC, which contains new allegations that undermine plaintiffs' ERISA claim. Reply at 6-7.

In its April 15, 2024 order, the Court found that plaintiffs sufficiently pled their post-2016 breach of fiduciary duty claim. Dkt. 68. The Court disagrees with defendants that plaintiffs' new allegations in the SAC weaken plaintiffs' claim and should change the Court's conclusion. Accordingly, the Court **DENIES** defendants' motion to dismiss as to the remainder of plaintiffs' claim for breach of fiduciary duty under ERISA.

**B.     Plaintiffs' Remaining State Law Claims**

Defendants argue that the Court already dismissed plaintiffs' three state law claims as preempted by ERISA, but permitted plaintiffs' leave to amend in the event defendants are found not to be ERISA fiduciaries at a later stage in the litigation. Mot. at 18. Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07726-CAS (PVCx) | Date | August 5, 2024 |
|---|---|---|---|
| Title | CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA ET AL V. MEKETA INVESTMENT GROUP, INC. ET AL | | |

they argue that "[u]nless and until that occurs—which it has not—[p]laintiffs should not be allowed to pursue their preempted state law claims." Id. at 18-19.

In opposition, plaintiffs assert that they "recognize that the Court already has dismissed the state law claims without prejudice ([dkt. 68 at 11]) and re-assert those claims solely to preserve their rights to (i) revive them if the Court ultimately determines that [d]efendants were not ERISA fiduciaries and/or (ii) appeal the dismissal of those claims." Opp. at 22.

In its April 15, 2024 order, the Court found that "regardless of whether plaintiffs plead their claims in the alternative, ERISA preempts plaintiffs' state law claims because they bear on an ERISA-regulated relationship." Dkt. 68 (citing Cox v. Eichler, 765 F. Supp. 601, 605 (N.D. Cal. 1990)). Because plaintiffs' state law claims remain preempted by ERISA, the Court **GRANTS** defendants' motion to dismiss these claims. However, this dismissal is without prejudice to plaintiffs' re-asserting their state law claims in the event the Court finds that defendants are not ERISA fiduciaries.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss. The Court **GRANTS** defendants' motion as to plaintiffs' state law claims and **DENIES** defendants' motion as to plaintiffs' claim for breach of fiduciary duty under ERISA.

IT IS SO ORDERED.

|  | 00 | : | 30 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |