Robyn C. Crowther (SBN 193840)
rcrowther@steptoe.com
**STEPTOE LLP**
633 West 5th Street, Suite 1900
Los Angeles, CA 90071
Telephone:  (213) 439-9400
Facsimile:  (213) 439-9599
(*Additional counsel listed on next page*)

*Attorneys for Defendants* MEKETA INVESTMENT
  GROUP, INC. and JUDY CHAMBERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, and JON PRECIADO, SERGIO RASCON, ADRIAN ESPARZA, ALEX ARTIAGA, MICHAEL DEA, HERTZ RAMIREZ, PETER SANTILLAN, JEROME DI PADOVA, CATHERINE MONCADA, ALAN LUDWIG, JEFF STEWART, LANCE BOYER, BILL BOYD, and JOHN COOPER, as TRUSTEES OF THE CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, on behalf of the Construction Laborers Pension Plan for Southern California, <br><br>    Plaintiffs, <br><br>    vs. <br><br> MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS, <br><br>    Defendants. | Case No. 2:23-cv-07726-CAS-PVC <br><br> [Assigned to the Hon. Christina A. Snyder] <br><br> **ANSWER AND DEFENSES OF DEFENDANTS MEKETA INVESTMENT GROUP, INC. AND JUDY CHAMBERS** |

ANSWER AND DEFENSES OF DEFENDANTS

Diana K. Lloyd (*admitted pro hac vice*)
Samuel N. Rudman (*admitted pro hac vice*)
Caroline Trusty (*admitted pro hac vice*)
Alexander L. Bevans (*admitted pro hac vice*)
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, MA 02110
*dlloyd@choate.com*
*srudman@choate.com*
*ctrusty@choate.com*
*abevans@choate.com*
Telephone: (617) 248-5000
Facsimile:  (617) 248-4000


Eric G. Serron (*admitted pro hac vice*)
*eserron@steptoe.com*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendants* MEKETA INVESTMENT
GROUP, INC. and JUDY CHAMBERS

Defendants Meketa Investment Group, Inc. ("Meketa") and Judy Chambers ("Chambers" and, together with Meketa, "Defendants") hereby answer the Second Amended Complaint (the "Complaint") filed by Plaintiffs Construction Laborers Pension Trust for Southern California and Jon Preciado, Sergio Rascon, Adrian Esparza, Alex Artiaga, Michael Dea, Hertz Ramirez, Peter Santillan, Jerome Di Padova, Catherine Moncada, Alan Ludwig, Jeff Stewart, Lance Boyer, Bill Boyd, and John Cooper, as Trustees of the Construction Laborers Pension Trust for Southern California, on behalf of the Construction Laborers Pension Plan for Southern California (collectively, "Plaintiffs") as follows:

## **NATURE OF THE ACTION**

1.      Answering Paragraph 1 of the Complaint, Paragraph 1 contains Plaintiffs' characterization of the Complaint and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

## **JURISDICTION AND VENUE**

2.      Answering Paragraph 2 of the Complaint, Paragraph 2 contains conclusions of law, to which no response is required.

3.      Answering Paragraph 3 of the Complaint, Paragraph 3 contains conclusions of law, to which no response is required.

4.      Answering Paragraph 4 of the Complaint, Defendants admit that in November 2014, Pension Consulting Alliance ("PCA") entered into a Consulting Agreement (the "Consulting Agreement") with the Plaintiff Construction Laborers Pension Trust for Southern California (the "Pension Fund"), which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  In all other respects, Defendants deny the allegations contained in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund,

ANSWER AND DEFENSES OF DEFENDANTS

which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  Answering further, Defendants admit the Pension Fund executed a limited partnership agreement (the "LPA") with Onset General Partner, LLC ("Onset") to establish the California Infrastructure Fund I, LP, which agreement speaks for itself.  In all other respects, Defendants deny the allegations contained in Paragraph 5.

6.      Answering Paragraph 6 of the Complaint, Defendants admit that PCA and Chambers assisted the Pension Fund with drafting an Infrastructure Investment Policy (the "Policy").  Answering further, Defendants state that the Policy speaks for itself, and Defendants deny that Plaintiffs have accurately or completely described the Policy and further deny that that Policy ultimately governed the Pension Fund's infrastructure investing.  In all other respects, Defendants deny the allegations contained in Paragraph 6.

7.      Answering Paragraph 7 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  Answering further, Defendants admit that the Consulting Agreement proposed a "one-time fee of $50,000" and an "annual fee of $75,000".  In all other respects, Defendants deny the allegations contained in Paragraph 7.

8.      Answering Paragraph 8 of the Complaint, Defendants deny the allegations contained in Paragraph 8.

9.      Answering Paragraph 9 of the Complaint, Defendants deny the allegations contained in Paragraph 9.

10.      Answering Paragraph 10 of the Complaint, Defendants deny the allegations contained in Paragraph 10.

11.      Answering Paragraph 11 of the Complaint, Defendants deny the allegations contained in Paragraph 11.

ANSWER AND DEFENSES OF DEFENDANTS

12. Answering Paragraph 12 of the Complaint, Defendants admit that in January 2016, the Pension Fund executed the LPA with Onset, giving Onset exclusive authority and discretion over the Plan assets invested into the Infrastructure Fund established by the LPA. Answering further, Defendants state that the LPA speaks for itself, and Defendants deny that Plaintiffs have completely or accurately describe the LPA. In all other respects, Defendants deny the allegations contained in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself. Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement. In all other respects, Defendants deny the allegations contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Paragraph 14 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Defendants deny the allegations contained in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny the allegations concerning Onset's conduct in 2021 because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations. Answering further, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them. Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 16.

17.    Answering Paragraph 17 of the Complaint, Defendants deny the allegations contained in Paragraph 17.

18.    Answering Paragraph 18 of the Complaint, Defendants deny the allegations contained in Paragraph 18.

19.    Answering Paragraph 19 of the Complaint, Defendants lack information and knowledge sufficient to admit or deny the allegations concerning the Infrastructure Fund in 2021 because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations.  Answering further, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them.  Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 19.

20.    Answering Paragraph 20 of the Complaint, Defendants lack information and knowledge sufficient to admit or deny the allegations concerning the conduct of "additional third-party advisors," and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 20.

21.    Answering Paragraph 21 of the Complaint, Defendants deny the allegations contained in Paragraph 21.

22.    Answering Paragraph 22 of the Complaint, Defendants deny the allegations contained in Paragraph 22.

23.    Answering Paragraph 23 of the Complaint, Paragraph 23 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 23.

ANSWER AND DEFENSES OF DEFENDANTS

**THE PARTIES**

24.     Answering Paragraph 24 of the Complaint, Paragraph 24 contains conclusions of law, to which no response is required.

25.     Answering Paragraph 25 of the Complaint, Paragraph 25 contains conclusions of law, to which no response is required.

26.     Answering Paragraph 26 of the Complaint, Paragraph 26 contains conclusions of law, to which no response is required.

27.     Answering Paragraph 27 of the Complaint, Defendants admit the allegations contained in Paragraph 27.

28.     Answering Paragraph 28 of the Complaint, Defendants deny the allegations contained in Paragraph 28.

29.     Answering Paragraph 29 of the Complaint, Defendants admit that Chambers resides in New York.  Answering further, Defendants admit that Chambers is a Managing Principal and Private Markets Consultant at Meketa and was employed by Meketa or PCA between 2014 and 2020.  Answering further, Defendants admit that Chambers was listed as a Secretary of PCA on filings with the California Secretary of State filed in 2017 and 2018.  In all other respects, Defendants deny the allegations contained in Paragraph 29.

**JURISDICTION AND VENUE**

30.     Answering Paragraph 30 of the Complaint, Paragraph 30 contains conclusions of law, to which no response is required.

31.     Answering Paragraph 31 of the Complaint, Paragraph 31 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 31.  Answering further, Defendants state that there are no "other claims" at issue in this action.

32.     Answering Paragraph 32 of the Complaint, Paragraph 32 contains conclusions of law, to which no response is required.

33.     Answering Paragraph 33 of the Complaint, Paragraph 33 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit upon information and belief that the Pension Fund is administered in the District.  In all other respects, Defendants deny the allegations in Paragraph 33.

## FACTS

### Defendants are Retained as Consultants by the Pension Fund

34.     Answering Paragraph 34 of the Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations in Paragraph 34, and on that basis deny the allegations contained in Paragraph 34.

35.     Answering Paragraph 35 of the Complaint, Defendants admit that Chambers attended a meeting with the Board on September 9, 2014, in El Monte, California, and delivered a presentation to the Board, which is attached to the SAC as Exhibit A, and which presentation speaks for itself.   Defendants deny that Plaintiffs accurately or completely describe the September 9, 2014 presentation.  In all other respects, Defendants deny the allegations contained in Paragraph 35.

36.     Answering Paragraph 36 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which is attached to the SAC as Exhibit B, and which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  In all other respects, Defendants deny the allegations contained in Paragraph 36.

37.     Answering Paragraph 37 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  In all other respects, Defendants deny the allegations contained in Paragraph 37.

ANSWER AND DEFENSES OF DEFENDANTS

38.    Answering Paragraph 38 of the Complaint, Defendants admit that the Pension Fund paid PCA for the services PCA provided under the Consulting Agreement.  Answering further, Defendants admit that Chambers provided various written communications to the Board of Trustees between 2014 and 2020, which communications speak for themselves.  Defendants deny that Plaintiffs accurately or completely describe those communications.  In all other respects, Defendants deny the allegations contained in Paragraph 38.

39.    Answering Paragraph 39 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  In all other respects, Defendants deny the allegations contained in Paragraph 39.

40.    Answering Paragraph 40 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  In all other respects, Defendants deny the allegations contained in Paragraph 40.

41.    Answering Paragraph 41 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  In all other respects, Defendants deny the allegations contained in Paragraph 41.

42.    Answering Paragraph 42 of the Complaint, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the Consulting Agreement.  Answering further, Defendants admit that the Pension Fund paid PCA for the services PCA provided under the

ANSWER AND DEFENSES OF DEFENDANTS

1  Consulting Agreement.  In all other respects, Defendants deny the allegations
2  contained in Paragraph 42.

3  **Defendants Prepare the Infrastructure Investment Policy**

4      43.    Answering Paragraph 43 of the Complaint, Defendants admit that PCA
5  and Chambers assisted the Pension Fund with drafting the Policy, and the Pension
6  Fund's Trustees adopted the Policy in December 2014.  Answering further,
7  Defendants state that the Policy, which is attached to the SAC as Exhibit C, speaks
8  for itself, and Defendants deny that Plaintiffs have accurately or completely
9  described the Policy.  In all other respects, Defendants deny the allegations contained
10  in Paragraph 43.

11      44.    Answering Paragraph 44 of the Complaint, Defendants admit that
12  Chambers attended a meeting with the Board on or around December 9, 2014, in El
13  Monte, California.  Answering further, Defendants admit that PCA and Chambers
14  assisted the Pension Fund with drafting the Policy, and the Policy was adopted in
15  December 2014.  Answering further, Defendants state that the Policy speaks for
16  itself, and Defendants deny that Plaintiffs have accurately or completely described
17  the Policy.  In all other respects, Defendants deny the allegations contained in
18  Paragraph 44.

19      45.    Answering Paragraph 45 of the Complaint, Defendants admit that the
20  Policy was adopted in December 2014, which Policy speaks for itself.  Defendants
21  deny that Plaintiffs accurately or completely describe the Policy.  In all other
22  respects, Defendants deny the allegations contained in Paragraph 45.

23      46.    Answering Paragraph 46 of the Complaint, Defendants admit that the
24  Policy was adopted by the Board in December 2014, which Policy speaks for itself.
25  Defendants deny that Plaintiffs accurately or completely describe the Policy.  In all
26  other respects, Defendants deny the allegations contained in Paragraph 46.

27      47.    Answering Paragraph 47 of the Complaint, Defendants admit that the
28  Policy was adopted by the Board in December 2014, which Policy speaks for itself.

Defendants deny that Plaintiffs accurately or completely describe the Policy.  In all other respects, Defendants deny the allegations contained in Paragraph 47.

48.      Answering Paragraph 48 of the Complaint, Defendants admit that the Policy was adopted by the Board in December 2014, which Policy speaks for itself. Defendants deny that Plaintiffs accurately or completely describe the Policy.  In all other respects, Defendants deny the allegations contained in Paragraph 48.

49.      Answering Paragraph 49 of the Complaint, Defendants admit that the Policy was adopted by the Board in December 2014, which Policy speaks for itself. Defendants deny that Plaintiffs accurately or completely describe the Policy.  In all other respects, Defendants deny the allegations contained in Paragraph 49.

50.      Answering Paragraph 50 of the Complaint, Defendants deny the allegations contained in Paragraph 50.

51.      Answering Paragraph 51 of the Complaint, Defendants deny the allegations contained in Paragraph 51.

52.      Answering Paragraph 52 of the Complaint, Defendants admit that the Policy was adopted by the Board in December 2014, which Policy speaks for itself. Defendants deny that Plaintiffs accurately or completely describe the Policy.  In all other respects, Defendants deny the allegations contained in Paragraph 52.

53.      Answering Paragraph 53 of the Complaint, Defendants deny the allegations contained in Paragraph 53.

**Defendants Fail to Adequately Vet Managers or Advise the Pension Fund on the Size and Structure of Investment**

54.      Answering Paragraph 54 of the Complaint, Defendants admit that Chambers attended a meeting with the Board on March 10, 2015, in El Monte, California, and delivered a presentation, which is attached to the SAC as Exhibit D, and which presentation speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the March 2015 presentation.  In all other respects, Defendants deny the allegations contained in Paragraph 54.

ANSWER AND DEFENSES OF DEFENDANTS

55.     Answering Paragraph 55 of the Complaint, Defendants admit that Chambers delivered a presentation to the Board on March 10, 2015, which presentation speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the March 2015 presentation.  In all other respects, Defendants deny the allegations contained in Paragraph 55.

56.     Answering Paragraph 56 of the Complaint, Defendants admit that Chambers delivered a presentation to the Board on March 10, 2015, which presentation speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the March 10, 2015 presentation.  In all other respects, Defendants deny the allegations contained in Paragraph 56.

57.     Answering Paragraph 57 of the Complaint, Defendants admit that Chambers delivered a presentation to the Board on March 10, 2015, which presentation speaks for itself.  Defendants deny that Plaintiffs accurately or completely describe the March 2015 presentation.  In all other respects, Defendants deny the allegations contained in Paragraph 57.

58.     Answering Paragraph 58 of the Complaint, Defendants deny the allegations contained in Paragraph 58.

59.     Answering Paragraph 59 of the Complaint, Defendants deny the allegations contained in Paragraph 59.

60.     Answering Paragraph 60 of the Complaint, Defendants deny the allegations contained in Paragraph 60.

61.     Answering Paragraph 61 of the Complaint, Defendants deny the allegations contained in Paragraph 61.

62.     Answering Paragraph 62 of the Complaint, Paragraph 62 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 62.

63.     Answering Paragraph 63 of the Complaint, Defendants admit that Chambers delivered a presentation to the Board on March 10, 2015, which

ANSWER AND DEFENSES OF DEFENDANTS

presentation speaks for itself.  Defendants deny that Plaintiffs accurately or

completely describe the March 2015 presentation.  In all other respects, Defendants

deny the allegations contained in Paragraph 63.

64.      Answering Paragraph 64 of the Complaint, Defendants deny the

allegations contained in Paragraph 64.

65.      Answering Paragraph 65 of the Complaint, Defendants deny the

allegations contained in Paragraph 65.

66.      Answering Paragraph 66 of the Complaint, Defendants deny the

allegations contained in Paragraph 66.

67.      Answering Paragraph 67 of the Complaint, Defendants admit that

Chambers delivered a presentation to the Board on March 10, 2015, which

presentation speaks for itself.  Defendants deny that Plaintiffs accurately or

completely describe the March 10, 2015 Presentation.  In all other respects,

Defendants deny the allegations contained in Paragraph 67.

68.      Answering Paragraph 68 of the Complaint, Defendants admit that

Chambers delivered a presentation to the Board on March 10, 2015, which

presentation speaks for itself.  Defendants deny that Plaintiffs accurately or

completely describe the March 10, 2015 Presentation.  In all other respects,

Defendants deny the allegations contained in Paragraph 68.

69.      Answering Paragraph 69 of the Complaint, Defendants deny the

allegations contained in Paragraph 69.

70.      Answering Paragraph 70 of the Complaint, Paragraph 70 contains

conclusions of law, to which no response is required.  To the extent a response is

deemed required, Defendants deny the allegations contained in Paragraph 70.

71.      Answering Paragraph 71 of the Complaint, Defendants admit that in

January 2016, the Pension Fund executed the LPA with Onset, giving Onset

exclusive authority and sole discretion over the Plan assets invested into the

Infrastructure Fund established by the LPA, which speaks for itself.  Defendants

ANSWER AND DEFENSES OF DEFENDANTS

1  deny that Plaintiffs accurately or completely describe the LPA.  In all other respects,

2  Defendants deny the allegations contained in Paragraph 71.

3      72.    Answering Paragraph 72 of the Complaint, Defendants admit that in

4  November 2014, PCA entered into the Consulting Agreement with the Pension Fund,

5  which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or

6  completely describe the Consulting Agreement.  In all other respects, Defendants

7  deny the allegations contained in Paragraph 72.

8      73.    Answering Paragraph 73 of the Complaint, Defendants deny the

9  allegations contained in Paragraph 73.

10     74.    Answering Paragraph 74 of the Complaint, Defendants deny the

11 allegations contained in Paragraph 74.

12     75.    Answering Paragraph 75 of the Complaint, Defendants deny the

13 allegations contained in Paragraph 75.

14     76.    Answering Paragraph 76 of the Complaint, Defendants deny the

15 allegations contained in Paragraph 76.

16     77.    Answering Paragraph 77 of the Complaint, Defendants admit that

17 Chambers provided various written communications to the Pension Fund between

18 2014 and 2020, which communications speak for themselves.  Defendants deny that

19 Plaintiffs accurately or completely describe Chambers' written communications to

20 the Pension Fund.  In all other respects, Defendants deny the allegations contained in

21 Paragraph 77.

22 **Onset Fails as Manager While Defendants Cause the Pension Fund to Believe**

23 **Onset was Qualified to Manage the Pension Fund's Investment and was**

24 **Managing it Well**

25     78.    Answering Paragraph 78 of the Complaint, Defendants admit that in

26 November 2014, PCA entered into the Consulting Agreement with the Pension Fund,

27 which agreement speaks for itself.  Defendants deny that Plaintiffs accurately or

28 completely describe the Consulting Agreement.  Answering further, Defendants

ANSWER AND DEFENSES OF DEFENDANTS

1    admit that the Pension Fund paid PCA for the services PCA provided under the

2    Consulting Agreement.  In all other respects, Defendants deny the allegations

3    contained in Paragraph 78.

4         79.     Answering Paragraph 79 of the Complaint, none of the information that

5    was reasonably available to Defendants during the relevant period suggested or

6    raised any reason to suspect that Onset engaged in the misconduct alleged by

7    Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless

8    occurred and was concealed from them.  Defendants therefore lack knowledge or

9    information sufficient to form a belief about Plaintiffs' allegations concerning Onset,

10   and on that basis deny those allegations.  Answering further, Defendants admit the

11   Pension Fund executed the LPA with Onset, giving Onset exclusive authority and

12   discretion over the Plan assets invested into the Infrastructure Fund established by

13   the LPA.  Answering further, Defendants state that the LPA speaks for itself, and

14   Defendants deny that Plaintiffs have completely or accurately described Onset's

15   conduct under the LPA.  In all other respects, Defendants deny the allegations

16   contained in Paragraph 79.

17        80.     Answering Paragraph 80 of the Complaint, Defendants admit that the

18   Board adopted the Policy in December 2014, which Policy speaks for itself.

19   Defendants deny that Plaintiffs completely or accurately describe the Policy.  In all

20   other respects, Defendants deny the allegations contained in Paragraph 80.

21        81.     Answering Paragraph 81 of the Complaint, none of the information that

22   was reasonably available to Defendants during the relevant period suggested or

23   raised any reason to suspect that Onset engaged in the misconduct alleged by

24   Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless

25   occurred and was concealed from them.  Defendants therefore lack knowledge or

26   information sufficient to form a belief about Plaintiffs' allegations concerning Onset,

27   and on that basis deny those allegations.  In all other respects, Defendants deny the

28   allegations contained in Paragraph 81.

ANSWER AND DEFENSES OF DEFENDANTS

82.     Answering Paragraph 82 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them.  Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 82.

83.     Answering Paragraph 83 of the Complaint, Defendants deny the allegations contained in Paragraph 83.

*Defendants approved Onset's first investment*

84.     Answering Paragraph 84 of the Complaint, Defendants admit that Chambers provided various written communications to the Pension Fund between 2014 and 2020, which communications speak for themselves.  Defendants deny that Plaintiffs accurately or completely describe Chambers' written communications to the Pension Fund.  Answering further, Defendants lack knowledge and information sufficient to admit or deny allegations concerning "an independent valuation of the Infrastructure Fund's portfolio conducted in August 2022" because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 84.

*Defendants approved Onset's presentations to the Pension Fund*

85.     Answering Paragraph 85 of the Complaint, Defendants deny the allegations contained in Paragraph 85.

86.     Answering Paragraph 86 of the Complaint, Defendants lack knowledge and information sufficient to admit or deny allegations concerning Onset's representations on IRR because Defendants were not responsible for calculating IRR, and on that basis deny those allegations.  Answering further, none of the information

ANSWER AND DEFENSES OF DEFENDANTS

that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them. Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 86.

87. Answering Paragraph 87 of the Complaint, Defendants deny the allegations contained in Paragraph 87.

88. Answering Paragraph 88 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them. Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 88.

89. Answering Paragraph 89 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them. Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 89.

90. Answering Paragraph 90 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by

ANSWER AND DEFENSES OF DEFENDANTS

Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them. Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations. Answering further, Defendants lack knowledge and information sufficient to admit or deny allegations concerning "an independent valuation of the Infrastructure Fund's portfolio conducted in August 2022" because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 90.

91.     Answering Paragraph 91 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them. Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations. Answering further, Defendants lack knowledge and information sufficient to admit or deny allegations concerning "an independent valuation of the Infrastructure Fund's portfolio conducted in August 2022" because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 91.

92.     Answering Paragraph 92 of the Complaint, Defendants deny the allegations contained in Paragraph 92.

*Defendants repeatedly approved Onset's capital calls*

93.     Answering Paragraph 93 of the Complaint, Defendants lack knowledge and information sufficient to admit or deny allegations concerning "an independent valuation of the Infrastructure Fund's portfolio conducted in August 2022" because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis

ANSWER AND DEFENSES OF DEFENDANTS

1    deny those allegations.  Answering further, Defendants admit that Chambers

2    provided various written communications to the Pension Fund between 2014 and

3    2020, which communications speak for themselves.  Defendants deny that Plaintiffs

4    accurately or completely describe Chambers' written communications to the Pension

5    Fund.  In all other respects, Defendants deny the allegations contained in Paragraph

6    93.

7        94.    Answering Paragraph 94 of the Complaint, Defendants lack knowledge

8    and information sufficient to admit or deny allegations concerning "an independent

9    valuation of the Infrastructure Fund's portfolio conducted in August 2022" because

10   the Pension Fund terminated the Consulting Agreement in 2020, and on that basis

11   deny those allegations. Answering further, Defendants admit that Chambers provided

12   written communications to the Pension Fund between 2014 and 2020, including in

13   September 2018, which communications speak for themselves.  Defendants deny that

14   Plaintiffs accurately or completely describe Chambers' communications to the

15   Pension Fund, including the September 2018 communications.  In all other respects,

16   Defendants deny the allegations contained in Paragraph 94.

17       95.    Answering Paragraph 95 of the Complaint, Defendants lack knowledge

18   and information sufficient to admit or deny allegations concerning "an independent

19   valuation of the Infrastructure Fund's portfolio conducted in August 2022" because

20   the Pension Fund terminated the Consulting Agreement in 2020, and on that basis

21   deny those allegations. Answering further, Defendants admit that Chambers provided

22   written communications to the Pension Fund between 2014 and 2020, including in

23   May 2018, which communications speak for themselves.  Defendants deny that

24   Plaintiffs accurately or completely describe Chambers' written communications to

25   the Pension Fund, including the May 2018 communications.  In all other respects,

26   Defendants deny the allegations contained in Paragraph 95.

27       96.    Answering Paragraph 96 of the Complaint, Defendants admit that

28   Chambers provided various written communications to the Pension Fund between

2014 and 2020, including an email from January 16, 2019, which email speaks for itself.  Defendants deny that that Plaintiffs accurately or completely describe the context of Chambers' January 16, 2019 email.  In all other respects, Defendants deny the allegations contained in Paragraph 96.

*Defendants did not report Onset's fraudulent and misleading valuations to the Pension Fund*

97.     Answering Paragraph 97 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them.  Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 97.

98.     Answering Paragraph 98 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them.  Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 98.

99.     Answering Paragraph 99 of the Complaint, Defendants deny the allegations contained in Paragraph 99.

100.     Answering Paragraph 100 of the Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations concerning Onset's conduct in December 2020 because the Pension Fund terminated the Consulting

ANSWER AND DEFENSES OF DEFENDANTS

Agreement prior to that date, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 100.

101.    Answering Paragraph 101 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them.  Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 101.

102.    Answering Paragraph 102 of the Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations concerning the conduct of "an independent valuation firm" and the valuation of the Portfolio Companies as of December 2020 because the Pension Fund terminated the Consulting Agreement prior to that date, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 102.

103.    Answering Paragraph 103 of the Complaint, Defendants deny the allegations contained in Paragraph 103.

104.    Answering Paragraph 104 of the Complaint, Defendants deny the allegations contained in Paragraph 104.

105.    Answering Paragraph 105 of the Complaint, none of the information that was reasonably available to Defendants during the relevant period suggested or raised any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless occurred and was concealed from them.  Defendants therefore lack knowledge or information sufficient to form a belief about Plaintiffs' allegations concerning Onset, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 105.

ANSWER AND DEFENSES OF DEFENDANTS

1    106.    Answering Paragraph 106 of the Complaint, Defendants deny the

2    allegations contained in Paragraph 106.

3    107.    Answering Paragraph 107 of the Complaint, none of the information

4    that was reasonably available to Defendants during the relevant period suggested or

5    raised any reason to suspect that Onset engaged in the misconduct alleged by

6    Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless

7    occurred and was concealed from them.  Defendants therefore lack knowledge or

8    information sufficient to form a belief about Plaintiffs' allegations concerning Onset,

9    and on that basis deny those allegations.  In all other respects, Defendants deny the

10   allegations contained in Paragraph 107.

11   108.    Answering Paragraph 108 of the Complaint, none of the information

12   that was reasonably available to Defendants during the relevant period suggested or

13   raised any reason to suspect that Onset engaged in the misconduct alleged by

14   Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless

15   occurred and was concealed from them.  Defendants therefore lack knowledge or

16   information sufficient to form a belief about Plaintiffs' allegations concerning Onset,

17   and on that basis deny those allegations.  In all other respects, Defendants deny the

18   allegations contained in Paragraph 108.

19   109.    Answering Paragraph 109 of the Complaint, Defendants deny the

20   allegations contained in Paragraph 109.

21   110.    Answering Paragraph 110 of the Complaint, none of the information

22   that was reasonably available to Defendants during the relevant period suggested or

23   raised any reason to suspect that Onset engaged in the misconduct alleged by

24   Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless

25   occurred and was concealed from them.  Defendants therefore lack knowledge or

26   information sufficient to form a belief about Plaintiffs' allegations concerning Onset,

27   and on that basis deny those allegations.  Answering further, Defendants lack

28   knowledge and information sufficient to admit or deny allegations that occurred in

2021 and allegations concerning Onset's conduct in 2021, because the Pension Fund terminated the Consulting Agreement prior to those dates, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 110.

111.    Answering Paragraph 111 of the Complaint, Defendants lack knowledge and information sufficient to admit or deny allegations concerning "[t]he Phelan investment" on December 31, 2020, because the Pension Fund terminated the Consulting Agreement prior to that date, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 111.

112.    Answering Paragraph 112 of the Complaint, Defendants deny the allegations contained in Paragraph 112.

113.    Answering Paragraph 113 of the Complaint, Defendants admit that between 2016 and 2020, Chambers attended various Board meetings in fulfillment of her duties under the Consulting Agreement.  Answering further, Defendants lack knowledge and information sufficient to admit or deny allegations concerning Onset's representations on IRR because Defendants were not responsible for calculating IRR, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 113.

114.    Answering Paragraph 114 of the Complaint, Defendants deny the allegations contained in Paragraph 114.

115.    Answering Paragraph 115 of the Complaint, Defendants admit that between 2016 and 2020, Chambers attended various Board meetings in fulfillment of her duties under the Consulting Agreement.  Answering further, Defendants admit that between 2016 and 2020, Chambers delivered various presentations at the Board meetings in fulfillment of her duties under the Consulting Agreement, including in May 2019 and August 2019, which presentations speak for themselves.  Defendants deny that Plaintiffs accurately or completely characterize Chambers' presentations

ANSWER AND DEFENSES OF DEFENDANTS

1    delivered to the Board.  In all other respects, Defendants deny the allegations

2    contained in Paragraph 115.

3         116.    Answering Paragraph 116 of the Complaint, none of the information

4    that was reasonably available to Defendants during the relevant period suggested or

5    raised any reason to suspect that Onset engaged in the misconduct alleged by

6    Plaintiffs, but Defendants cannot know whether the alleged misconduct nevertheless

7    occurred and was concealed from them.  Defendants therefore lack knowledge or

8    information sufficient to form a belief about Plaintiffs' allegations concerning Onset,

9    and on that basis, deny those allegations.  Answering further, Defendants lack

10   information and knowledge sufficient to admit or deny allegations concerning "an

11   independent valuation of the Infrastructure Fund" in August 2022 because the

12   Pension Fund terminated the Consulting Agreement in 2020.  Answering further,

13   Defendants admit that Chambers attended various Board meetings in fulfillment of

14   her duties under the Consulting Agreement, including on or around November 12,

15   2019.  Answering further, Defendants admit that between 2016 and 2020, Chambers

16   delivered various presentations to the Board in fulfilment of her duties under the

17   Consulting Agreement, including on or around November 12, 2019, which

18   presentations speak for themselves.  Defendants deny that Plaintiffs accurately or

19   completely characterize Chambers' presentations delivered to the Board.  In all other

20   respects, Defendants deny the allegations contained in Paragraph 116.

21        117.    Answering Paragraph 117 of the Complaint, Defendants deny the

22   allegations contained in Paragraph 117.

23   **The Pension Fund Discovers the Onset Fraud and Defendants' Oversight**

24   **Failures**

25        118.    Answering Paragraph 118 of the Complaint, Defendants admit that

26   Chambers wrote a letter to the Pension Fund regarding the merger between PCA and

27   Meketa, dated January 25, 2019, which letter speaks for itself.  Defendants deny that

28   Plaintiffs completely or accurately describe the January 25, 2019 letter.

119. Answering Paragraph 119 of the Complaint, Defendants admit that the Pension Fund changed investment advisers from Merrill Lynch to NEPC, LLC ("NEPC"). Answering further, Defendants lack information and knowledge sufficient to admit or deny the allegation that "the Pension Fund was considering consolidating advisers and replacing Meketa with NEPC to oversee Onset," and on that basis deny that allegation. In all other respects, Defendants deny the allegations contained in Paragraph 119.

120. Answering Paragraph 120 of the Complaint, Defendants lack information and knowledge sufficient to admit or deny the allegations concerning NEPC's conduct, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in paragraph 120.

121. Answering Paragraph 121 of the Complaint, Defendants lack sufficient information and knowledge to admit or deny allegations concerning the Pension Fund's "suspicion," and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 121.

122. Answering Paragraph 122 of the Complaint, Defendants admit that the Pension Fund terminated the Consulting Agreement, effective September 30, 2020.

123. Answering Paragraph 123 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny the allegations concerning the Infrastructure Fund in May 2021 because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations. In all other respects, Defendants deny the allegations contained in Paragraph 123.

124. Answering Paragraph 124 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny the allegations concerning Onset's conduct because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny the allegations. In all other respects, Defendants deny the allegations contained in Paragraph 124.

ANSWER AND DEFENSES OF DEFENDANTS

125.    Answering Paragraph 125 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny the allegations concerning the Pension Fund's conduct described in Paragraph 125, and on that basis deny the allegations. In all other respects, Defendants deny the allegations contained in Paragraph 125.

126.    Answering Paragraph 126 of the Complaint, Defendants admit that Defendants executed tolling agreements with the Pension Fund which speak for themselves.  In all other respects, Defendants deny the allegations contained in Paragraph 126.

127.    Answering Paragraph 127 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny the allegations concerning the Pension Fund's conduct in January 2022 because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 127.

128.    Answering Paragraph 128 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny the allegations concerning "an independent valuation of the portfolio conducted in August 2022" because the Pension Fund terminated the Consulting Agreement in 2020, and on that basis deny those allegations.  In all other respects, Defendants deny the allegations contained in Paragraph 128.

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty Under ERISA Against All Defendants

129.    Answering Paragraph 129 of the Complaint, Defendants incorporate by reference responses to Paragraphs 1 through 128 of this Complaint.

130.    Answering Paragraph 130 of the Complaint, Paragraph 130 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants admit that in November 2014, PCA entered into the Consulting Agreement with the Pension Fund, which agreement speaks for itself. Defendants deny that Plaintiffs accurately or completely describe the Consulting

Agreement.  To the extent the allegations in Paragraph 130 are inconsistent with, mischaracterize, incompletely summarize or take out of context the contents of the Consulting Agreement, Defendants deny those allegations.

131.    Answering Paragraph 131 of the Complaint, Paragraph 131 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 131.

132.    Answering Paragraph 132 of the Complaint, Paragraph 132 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants admit that Defendants acted as fiduciaries within the meaning of ERISA §404 to the extent that they performed one or more of the functions described in ERISA § 3(21)(A).  In all other respects, Defendants deny the allegations contained in Paragraph 132.

133.    Answering Paragraph 133 of the Complaint, Paragraph 133 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants admit that ERISA §404 imposed fiduciary duties on Defendants to the extent that Defendants performed one or more of the functions described in ERISA § 3(21)(A).  In all other respects, Defendants deny the allegations contained in Paragraph 133.

134.    Answering Paragraph 134 of the Complaint, Paragraph 134 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants admit that ERISA §404 imposed fiduciary duties on Defendants to the extent that Defendants performed one or more of the functions described in ERISA § 3(21)(A).  In all other respects, Defendants deny the allegations contained in Paragraph 134.

135.    Answering Paragraph 135 of the Complaint, Paragraph 135 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 135.

ANSWER AND DEFENSES OF DEFENDANTS

1       136.    Answering Paragraph 136 of the Complaint, Defendants deny the

2   allegations contained in Paragraph 136.

3       137.    Answering Paragraph 137 of the Complaint, Paragraph 137 contains

4   conclusions of law, to which no response is required.  To the extent a response is

5   deemed required, Defendants deny the allegations contained in Paragraph 137.

6       138.    Answering Paragraph 138 of the Complaint, Paragraph 138 contains

7   conclusions of law, to which no response is required.  To the extent a response is

8   deemed required, Defendants deny the allegations contained in Paragraph 138.

9       139.    Answering Paragraph 139 of the Complaint, Defendants deny the

10  allegations contained in Paragraph 139.

11      140.    Answering Paragraph 140 of the Complaint, Defendants deny the

12  allegations contained in Paragraph 140.

13      141.    Answering Paragraph 141 of the Complaint, Paragraph 141 contains

14  conclusions of law, to which no response is required.  To the extent a response is

15  deemed required, Defendants deny the allegations contained in Paragraph 141.

16      142.    Answering Paragraph 142 of the Complaint, Paragraph 142 contains

17  conclusions of law, to which no response is required.  To the extent a response is

18  deemed required, Defendants deny the allegations contained in Paragraph 142.

19      143.    Answering Paragraph 143 of the Complaint, Paragraph 143 contains

20  conclusions of law, to which no response is required.  To the extent a response is

21  deemed required, Defendants deny the allegations contained in Paragraph 143.

22                  **SECOND CAUSE OF ACTION**

23  **Breach of Contract Against Meketa (Only to the Extent Defendants Are Not**

24                  **Found to be ERISA Fiduciaries)**

25      144.    Answering Paragraph 144 of the Complaint, Defendants incorporate by

26  reference responses to Paragraphs 1 through 143 of this Complaint.

27      145.    Answering Paragraph 145 of the Complaint, Paragraph 145 contains

28  allegations dismissed by the Court on August 6, 2024, to which no response is

required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 145.

146.    Answering Paragraph 146 of the Complaint, Paragraph 146 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 146.

147.    Answering Paragraph 147 of the Complaint, Paragraph 147 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 147.

148.    Answering Paragraph 148 of the Complaint, Paragraph 148 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 148.

149.    Answering Paragraph 149 of the Complaint, Paragraph 149 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 149.

150.    Answering Paragraph 150 of the Complaint, Paragraph 150 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 150.

151.    Answering Paragraph 151 of the Complaint, Paragraph 151 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 151.

152.    Answering Paragraph 152 of the Complaint, Paragraph 152 contains allegations dismissed by the Court on August 6, 2024, to which no response is

ANSWER AND DEFENSES OF DEFENDANTS

required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 152.

153.    Answering Paragraph 153 of the Complaint, Paragraph 153 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 153.

154.    Answering Paragraph 154 of the Complaint, Paragraph 154 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 154.

155.    Answering Paragraph 155 of the Complaint, Paragraph 155 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 155.

156.    Answering Paragraph 156 of the Complaint, Paragraph 156 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 156.

## THIRD CAUSE OF ACTION

### Breach of Common Law Fiduciary Duty Against All Defendants (Only to the Extent Defendants Are Not Found to be ERISA Fiduciaries)

157.    Answering Paragraph 157 of the Complaint, Paragraph 157 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 157.

158.    Answering Paragraph 158 of the Complaint, Paragraph 158 contains allegations dismissed by the Court on August 6, 2024, to which no response is

ANSWER AND DEFENSES OF DEFENDANTS

required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 158.

159.    Answering Paragraph 159 of the Complaint, Paragraph 159 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 159.

160.    Answering Paragraph 160 of the Complaint, Paragraph 160 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 160.

161.    Answering Paragraph 161 of the Complaint, Paragraph 161 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 161.

162.    Answering Paragraph 162 of the Complaint, Paragraph 162 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 162.

163.    Answering Paragraph 163 of the Complaint, Paragraph 163 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 163.

164.    Answering Paragraph 164 of the Complaint, Paragraph 164 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 164.

165.    Answering Paragraph 165 of the Complaint, Paragraph 165 contains allegations dismissed by the Court on August 6, 2024, to which no response is

ANSWER AND DEFENSES OF DEFENDANTS

required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 165.

## FOURTH CAUSE OF ACTION

## Negligence/Gross Negligence Against All Defendants (Only to the Extent Defendants Are Not Found to be ERISA Fiduciaries)

166.    Answering Paragraph 166 of the Complaint, Paragraph 166 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 166.

167.    Answering Paragraph 167 of the Complaint, Paragraph 167 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 167.

168.    Answering Paragraph 168 of the Complaint, Paragraph 168 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 168.

169.    Answering Paragraph 169 of the Complaint, Paragraph 169 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 169.

170.    Answering Paragraph 170 of the Complaint, Paragraph 170 contains allegations dismissed by the Court on August 6, 2024, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 170.

171.    Answering Paragraph 171 of the Complaint, Paragraph 171 contains allegations dismissed by the Court on August 6, 2024, to which no response is

ANSWER AND DEFENSES OF DEFENDANTS

1    required.  To the extent a response is deemed required, Defendants deny the

2    allegations contained in Paragraph 171.

3        Further responding to the Complaint, Defendants deny each and every

4    allegation except as expressly admitted.

5                             **<u>DEFENSES</u>**

6        Without assuming the burden of proof where it otherwise lies with Plaintiffs,

7    Defendants assert the following separate and distinct defenses to the Second

8    Amended Complaint (the "SAC") and all claims alleged therein:

9                         **<u>FIRST DEFENSE</u>**

10        Plaintiffs' SAC, and each purported claim contained therein, fails to state a

11    claim upon which relief may be granted.

12                      **<u>SECOND DEFENSE</u>**

13        Plaintiffs' SAC, and each purported claim contained therein, is barred, in

14    whole or in part, by the applicable statute of limitations and/or statute of repose,

15    including, without limitation, ERISA, 29 U.S.C. § 1113.  Plaintiffs have failed to

16    come forward with sufficient facts to establish the applicability of the doctrine of

17    fraudulent concealment.

18                      **<u>THIRD DEFENSE</u>**

19        Plaintiff Pension Fund lacks standing to pursue the claims alleged in the SAC,

20    including, without limitation, under ERISA §§ 409 & 502(a)(2), 29 U.S.C. §§ 1109

21    & 1132(a)(2).

22                      **<u>FOURTH DEFENSE</u>**

23        To the extent Plaintiffs seek equitable relief under ERISA § 502(a)(3), 29

24    U.S.C. § 1132(a)(3), equitable relief is not appropriate and must be denied.

25                       **<u>FIFTH DEFENSE</u>**

26        Plaintiffs' SAC, and each purported claim contained therein, is barred by the

27    doctrine of waiver on account of Plaintiffs' own conduct, acts and omissions.

28

ANSWER AND DEFENSES OF DEFENDANTS

1

## SIXTH DEFENSE

Plaintiffs have not sustained any injury, damage or loss as a result of any
conduct, act, error or omission on the part of Defendants.

## SEVENTH DEFENSE

The Complaint is barred because Defendants have not breached any duties
under ERISA, or any duties owed to Plaintiffs, if any.

## EIGHTH DEFENSE

Defendants' conduct has been procedurally, objectively and substantively
prudent.

## NINTH DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds
for believing that their actions, if any, did not violate any applicable laws or any
duties they may have owed to Plaintiffs.

## TENTH DEFENSE

None of the information reasonably available to Defendants in the prudent and
reasonable discharge of their duties during any relevant period suggested or raised
any reason to suspect that Onset engaged in the misconduct alleged by Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs' alleged losses, the fact of which Defendants deny, were proximately
caused by intervening, superseding, and/or supervening acts by Plaintiffs or other
third parties for which Defendants have no liability.

## TWELFTH DEFENSE

To the extent that Plaintiffs have failed to act reasonably to mitigate, minimize
or avoid Plaintiffs' claimed losses, if any, any recovery must be reduced in whole or
in part.

## THIRTEENTH DEFENSE

The Complaint is barred by the doctrines of waiver, estoppel, laches and/or
unclean hands.

ANSWER AND DEFENSES OF DEFENDANTS

## FOURTEENTH DEFENSE

There is no fiduciary liability on the part of any Defendant to the extent that ERISA § 409(b), 29 U.S.C. § 1109(b), applies.

## FIFTEENTH DEFENSE

Plaintiffs' state law claims are barred by preemption under ERISA § 514(a), 29 U.S.C. § 1144(a).

## SIXTEENTH DEFENSE

Defendants are entitled to contribution, indemnity, allocation and/or apportionment from others.

## SEVENTEENTH DEFENSE

The claims of one or more Plaintiffs are barred, in whole or in part, by the doctrine of *res judicata*.

## EIGHTEENTH DEFENSE

Plaintiffs cannot establish that there is any factual or legal basis for holding Defendants' liable for the conduct of other parties.

## NINETEENTH DEFENSE

Upon information and belief, Defendants state that they may have additional defenses available to them, which are not fully known and of which Defendants are not presently aware. Defendants reserve the right to raise and assert further additional defenses after such defenses have been ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

(1)    That the Complaint be dismissed with prejudice;

(2)    That Plaintiffs take nothing from Defendants by virtue of the Complaint;

(3)    That the Court award Defendants their attorneys' fees, expenses and costs to the full extent permitted by law; and

(4)    For any other and further relief as the Court may deem just and proper.

1

2   Dated:  August 20, 2024          */s/ Robyn C. Crowther*
                                    Robyn C. Crowther (SBN 193840)
3                                   **STEPTOE LLP**
                                    633 West 5th Street, Suite 1900
4                                   Los Angeles, CA 90071

5                                   Diana K. Lloyd (*admitted pro hac vice*)
6                                   Samuel N. Rudman (*admitted pro hac vice*)
                                    Caroline Trusty (*admitted pro hac vice*)
7                                   Alexander L. Bevans (*admitted pro hac vice*)
8                                   **CHOATE, HALL & STEWART LLP**
                                    Two International Place
9                                   Boston, MA 02110

10
                                    Eric G. Serron (*admitted pro hac vice*)
11                                  **STEPTOE LLP**
12                                  1330 Connecticut Avenue, NW
                                    Washington, DC 20036
13

14                                  *Attorneys for Defendants*
                                    MEKETA INVESTMENT GROUP, INC.
15                                  and JUDY CHAMBERS

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND DEFENSES OF DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2024, a copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANTS MEKETA INVESTMENT GROUP, INC. AND JUDY CHAMBERS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


_/s/ Robyn C. Crowther_
Robyn C. Crowther