1 | Robyn Crowther (SBN 193840)
2 | *rcrowther@steptoe.com*
  | **STEPTOE LLP**
3 | 633 West 5th Street, Suite 1900
4 | Los Angeles, CA 90071
  | Telephone: (213) 439-9400
5 | Facsimile: (213) 439-9599
6 | (*Additional counsel listed on next page*)
7 | *Attorneys for Defendants* MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, and JON PRECIADO, SERGIO RASCON, ADRIAN ESPARZA, ALEX ARTIAGA, MICHAEL DEA, HERTZ RAMIREZ, PETER SANTILLAN, JEROME DI PADOVA, CATHERINE MONCADA, ALAN LUDWIG, JEFF STEWART, LANCE BOYER, BILL BOYD, and JOHN COOPER, as TRUSTEES OF THE CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, on behalf of the Construction Laborers Pension Plan for Southern California,<br><br>Plaintiffs,<br><br>vs.<br><br>MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS,<br><br>Defendants. | Case No.: 2:23-cv-07726-CAS-PVC<br><br>**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br><br>Judge: Christina A. Snyder<br>Hearing Date: January 27, 2024<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D |

1

Diana K. Lloyd (*admitted pro hac vice*)
Samuel N. Rudman (*admitted pro hac vice*)
Caroline Trusty (*admitted pro hac vice*)
Alexander L. Bevans (*admitted pro hac vice*)
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, MA 02110
*dlloyd@choate.com*
*srudman@choate.com*
*ctrusty@choate.com*
*abevans@choate.com*
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

Eric G. Serron (*admitted pro hac vice*)
*eserron@steptoe.com*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendants* MEKETA INVESTMENT GROUP, INC. and JUDY CHAMBERS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants request that the Court modify the scheduling order (ECF No. 86) to extend the deadline by which Defendants may seek to implead Onset General Partner, LLC ("Onset") and/or its affiliates or principals from January 31, 2025, to March 14, 2025. There is good cause for an extension, because Defendants have diligently sought materials that they reasonably require to determine whether to implead Onset. Those materials consist of document productions and deposition transcripts from Plaintiffs' closely related case against Onset. Plaintiffs themselves identified documents and witnesses (the Onset principals) from their case against Onset on their initial disclosures in this matter. Notwithstanding Defendants' diligent efforts, however, Plaintiffs have not yet produced any such materials. Defendants have begun the process of moving to compel the immediate production of those materials, and they submit that they should not be required to make a final decision about whether to implead Onset until that motion has been resolved. Plaintiffs will suffer no prejudice from an extension, and no other amendments to the scheduling order will be required. For these reasons, and for the ones that follow, Defendants respectfully request that this motion be granted.

## FACTUAL BACKGROUND

This case arises from the allegedly fraudulent conduct of a third party: Onset. In 2016, Plaintiffs—a multiemployer Pension Fund and its Board of Trustees—executed a limited partnership agreement with Onset to establish a partnership called the California Infrastructure Fund I, LP (the "Infrastructure Fund"). *See* Compl., at 2, 6, *Cal. Infrastructure Fund I Investor. LLC, v. Onset Gen. Partner, LLC*, 23SM-cv-00483 (Cal. Sup. Ct. Feb. 1, 2023). Plaintiff Pension Fund is pursuing an action against Onset in California state court, alleging that Onset breached this limited partnership agreement and defrauded the Pension Fund by intentionally making inappropriate investments and lying to the Pension Fund about the Infrastructure Fund's value and performance (the "Onset Litigation"). *See id.* In this case,

Plaintiffs claim that Defendants should be held liable for the losses that Plaintiffs suffered due to Onset's alleged fraud. *See* ECF No. 69.

Since the beginning of this case, Defendants have indicated that they may seek to implead Onset, on the theory that any fraud by Onset was perpetrated against Defendants as well as Plaintiffs. On October 22, 2024, the parties filed their Joint Rule 26(f) Report. ECF No. 81. The Joint Rule 26(f) report addressed the likelihood of the appearance of additional parties. It stated that Defendants "may implead Onset and/or its principals" and "will make that decision as promptly as possible following discovery of Onset's documents and/or witnesses." ECF No. 81 at 13:26-14:2.

During the initial scheduling conference, the parties addressed the deadline for impleading third parties. ECF No. 92 at 3:16-5:8. The Court initially was inclined to set that deadline for mid-December. *Id.* at 3:16-4:3. Defendants requested a later one because, "as [] flagged in the Rule 26(f) report, [D]efendants may seek to assert a third-party claim against Onset" and would need sufficient time to obtain and review discovery related to Onset to "evaluate that claim." *Id.* at 4:10-15. The Court therefore set January 31, 2025, as the deadline for requesting leave to file amended pleadings or add parties, including third party defendants. *Id.* at 5:2-4; ECF No. 86. The Court added, "if something happens that makes that impractical or impossible, Mr. Rudman, you let me know. I'll address it if you can't agree to something." ECF No. 92 at 5:5-7.

On October 21, 2024, Defendants served their First Set of Requests for Production on Plaintiffs. Among other things, Defendants sought documents related to Onset. Specifically, Defendants requested from Plaintiffs (i) "All Documents produced in the Onset Litigation by any party," including Onset, and (ii) "[a]ll Documents relating to discovery in the Onset Litigation," including deposition

4
**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

transcripts (collectively, the "Onset Litigation Materials"). Ex. 1[1] at 10, ¶¶ 5-6. Defendants expected that, once equipped with the Onset Litigation Materials—which critically include depositions of all three of Onset's principals—they would be able to promptly decide whether to implead Onset.

Defendants did not anticipate any substantial dispute regarding the discoverability of those materials. Plaintiffs' initial disclosures, which required them to describe "by category and location" all documents that Plaintiffs "may use to support [their] claims," Fed. R. Civ. P. 26(a)(1)(A)(ii), identified "certain documents" obtained via "limited discovery taken in the case captioned, *California Infrastructure Fund I Investor LLC, et al.*, v. *Onset General Partner, LLC, et al.*, No. 23SMCV00483." Ex. 7 at 8 n.1. Similarly, Plaintiffs' initial disclosures identified all three of the Onset principals as witnesses who were "likely to have discoverable information that Plaintiffs may use to support their claims." *Id.* at 3, 5-6; *see* Fed. R. Civ. P. 26(a)(1)(A)(i). Moreover, because documents produced in the Onset Litigation, by definition, already had been produced and could not be privileged, Defendants expected that Plaintiffs would produce them promptly.

Defendants were mistaken. On November 20, 2024, Plaintiffs served their responses and objections to Defendants' requests for production. Plaintiffs objected to Defendants' Request No. 5, for documents produced in the Onset Litigation, on multiple grounds, including that Defendants sought documents (i) "that are not relevant to any party's claims or defenses" and (ii) that "would violate privacy rights." Ex. 2 at 10. Plaintiffs therefore stated they would "not conduct additional searches" in response to Defendants' request for documents from the Onset Litigation. *Id.* at 11. Plaintiffs similarly objected to Defendants' Request No. 6, for

---

[1] All exhibits referenced herein are attached to the accompanying Declaration of Robyn Crowther in Support of Defendants' Motion to Modify Scheduling Order. ("Crowther Decl.").

5
**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

1  other discovery materials from the Onset Litigation, including deposition transcripts.
2  Again, Plaintiffs objected on multiple grounds, including relevance. *Id*. Plaintiffs
3  ultimately stated that they would not produce documents in response to Defendants'
4  request for discovery materials. *Id.* In connection with Requests No. 5 and 6,
5  however, Plaintiffs indicated that they were willing to meet and confer. *Id.*

6  Two days after receiving the responses and objections, on November 22,
7  2024, Defendants requested to meet and confer with Plaintiffs about their "responses
8  and objections to requests 5 and 6." Ex. 3 at 3. Defendants stated that they wanted
9  to discuss "a schedule that gives Defendants an opportunity to meaningfully review
10 [the Onset Litigation Materials] sufficiently far in advance of the January 31, 2025,
11 deadline for impleading Onset." *Id*.

12 Defendants' counsel conferred with Plaintiffs' counsel on December 2 and
13 December 5, 2024, and continued to confer by e-mail through December 16. *See*
14 Exs. 3-6. Ultimately, Plaintiffs offered to promptly produce documents produced in
15 the Onset Litigation only if Defendants agreed to complete their entire custodial
16 collection for this case—which will span at least eight years and six custodians—in
17 time to produce all communications between Defendants and Onset by January 15.
18 Even if Defendants agreed to do that, however, Plaintiffs would not agree to produce
19 deposition transcripts from the Onset Litigation.

20 Plaintiffs' position apparently is that they will not produce deposition
21 transcripts from the Onset Litigation until after the trial of that matter, because they
22 expect one or more Meketa employees may be trial witnesses in that case, and they
23 fear counsel will use the transcripts to prepare the Meketa witnesses (even though
24 none of them have been subpoenaed, and the most likely witness—Judy Chambers—
25 is outside the relevant court's subpoena power). *See* Ex. 4 at 2, 4. Defendants sought
26 to address that concern by offering to accept the transcripts with an attorneys' eyes
27 only designation, but Plaintiffs declined. Ex. 5; Ex. 4 at 6. The current trial date for
28

6
**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

the Onset Litigation is December 22, 2025—after the close of fact discovery in this case. Ex. 8; ECF No. 86.

On December 16, Defendants determined that the parties had reached an impasse and promptly began the process of moving to compel. *See* Ex. 4 at 1-3. Discovery disputes in this matter are referred to Magistrate Judge Castillo. ECF No. 6. Judge Castillo's standing procedures require a telephone conference with the Court prior to filing of any discovery motion. On December 16, 2024, Defendants solicited Plaintiffs' availability for the required call with Judge Castillo. Plaintiffs reported that they were not available for the call until January 2, 2025, more than two weeks later. Ex. 4 at 1-3. Because Plaintiffs are not available for the initial conference until January 2, absent an expedited briefing schedule, it is unlikely that Defendants' motion to compel will be heard in January. *See* L.R. 37-2.2 (providing for an eight-day process to prepare the joint stipulation); 37-3 (requiring motion be noticed for hearing at least twenty-one days after filing).

Notwithstanding the parties' failure to reach an agreement, Defendants have started collecting and producing documents. Earlier today, Defendants produced 2,479 pages of documents consisting of e-mails between Meketa (or a predecessor entity) and Onset. Ex. 10. Defendants will continue to make document productions as their collection progresses. Defendants do not know whether Plaintiffs intend to produce any Onset Litigation Materials meaningfully in advance of the January 31 deadline for impleading Onset.[2]

---

[2] Because Plaintiffs have refused to produce the Onset Litigation Materials, Defendants subpoenaed Onset and its principals earlier today. Crowther Decl. ¶ 10; *see, e.g.,* Ex. 9. Defendants are not optimistic that they will obtain the documents via these subpoenas promptly: Defendants understand that the Onset parties are not represented, and, as third parties to this case, they may reasonably object that the materials are readily available from Plaintiffs, who are parties to this case.

7

**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

## ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment," but also accounts for the "degree of prejudice" to the moving party "from failure to modify" and to the nonmoving parties "from a modification," as well as the impact on the "orderly and efficient conduct of the case." *Zurich Am. Ins. Co. v. First Rate Staffing Corp.*, No. 2:17-cv-04864-CAS(KSx), 2018 U.S. Dist. LEXIS 61655, at *5 (C.D. Cal. Apr. 10, 2018) (citations omitted). The Court ultimately has broad discretion. *See Hope Med. Enters. v. Fagron Compounding Serv., LLC*, No. 2:19-cv-07748-CAS(PLAx), 2020 U.S. Dist. LEXIS 230904, at *3 (C.D. Cal. May 22, 2020).

Here, good cause exists for a modification to the scheduling order's deadline to add third parties: Defendants have diligently pursued the Onset Litigation Materials, no prejudice or delay would result from granting this motion, and Defendants would be substantially prejudiced if it were denied.

## I. **Defendants have been diligent.**

Plaintiffs cannot reasonably deny that Defendants have diligently pursued these materials. Defendants requested the Onset Litigation Materials in their initial requests for production. Ex. 1 at 10, ¶¶ 5-6. They sought to meet and confer about the Onset Litigation Materials within two days of receiving Plaintiffs' objections and specifically noted that they needed the materials in advance of January 31, 2025. Ex. 3 at 2-3. Defendants then promptly started the process of moving to compel within 24 hours of realizing that these negotiations had reached an impasse. Ex. 4 at 2-3. In short, Defendants have done everything within their power to obtain the Onset Litigation Materials from Plaintiffs as promptly as possible.

Plaintiffs may contend that Defendants should have requested some special process relating to the Onset Litigation Materials at the initial scheduling conference. But Defendants could not reasonably have anticipated any substantial delay relating

1  to the production of the Onset Litigation Materials. It is difficult to see how there
2  could be any substantial dispute regarding whether Defendants are, in fact, entitled
3  to materials identified on Plaintiffs' initial disclosures, all of which have already
4  been produced in the Onset Litigation. *See Foltz v. State Farm Mut. Auto. Ins. Co.*,
5  331 F.3d 1122, 1131 (9th Cir. 2003) ("This court strongly favors access to discovery
6  materials to meet the needs of parties engaged in collateral litigation. Allowing the
7  fruits of one litigation to facilitate preparation in other cases advances the interests
8  of judicial economy by avoiding the wasteful duplication of discovery.") (citations
9  omitted).

10  Nor could Defendants reasonably have anticipated that Plaintiffs' willingness
11  to produce those readily available and previously produced materials would be
12  conditioned upon Defendants completing an entire custodial collection. *See*
13  *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020) ("A party may
14  not withhold discovery solely because it has not obtained to its satisfaction other
15  discovery. . . . Simply put, discovery is not conducted on a 'tit-for-tat' basis.")
16  (internal quotation marks and citations omitted) (collecting cases). In short,
17  Defendants have done their level best to obtain the Onset Litigation Materials and
18  could not reasonably have anticipated the current discovery dispute.

19  **II.** **Plaintiffs will not be prejudiced if this motion is granted, but**
20  **Defendants will be prejudiced if it is denied.**

21  Plaintiffs face no prejudice if this motion is granted. If Defendants ultimately
22  decide not to implead Onset, then Plaintiffs are no worse off. If Defendants do
23  implead Onset before March 14, it is unlikely that any other deadlines will need to
24  be extended, as the deadline for fact discovery still will be more than six months
25  away. ECF No. 86.

26  Defendants will face substantial prejudice, however, if this motion is denied.
27  Absent a modification of the scheduling order, Defendants may be compelled to
28  either (i) seek to implead Onset for good cause later in the case, after they obtain the

Onset Litigation Materials, at which point other deadlines may need to be modified, or (ii) later commence an entirely separate lawsuit against Onset and burden the court system with a third case concerning Onset's alleged fraud relating to the Infrastructure Fund.

"Good cause" thus exists to modify the scheduling order, and Defendants request an extension of six weeks—through March 14, 2025. Defendants do not know when their motion to compel will be resolved, but they hope that they will receive a ruling no later than the end of February. If Defendants are correct, and the deadline is extended, then Defendants would have at least two weeks to review the Onset Litigation Materials and decide whether to seek to implead Onset. Defendants expect that is the bare minimum amount of time they would need to conduct a meaningful review of the Onset Litigation Materials.

## CONCLUSION

Defendants respectfully request that the Court grant this motion to modify the scheduling order and extend the deadline by which Defendants may seek to implead Onset and/or its affiliates or principals to March 14, 2025.

Dated: December 31, 2024

*/s/ Robyn Crowther*
Robyn Crowther (SBN 193840)
**STEPTOE LLP**
633 West 5th Street, Suite 1900
Los Angeles, CA 90071

Diana K. Lloyd (*admitted pro hac vice*)
Samuel N. Rudman (*admitted pro hac vice*)
Caroline Trusty (*admitted pro hac vice*)
Alexander L. Bevans *(admitted pro hac vice)*
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, MA  02110

10

**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

Eric G. Serron (*admitted pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036

*Attorneys for Defendants*
MEKETA INVESTMENT GROUP, INC.
and JUDY CHAMBERS

**[AMENDED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**